[Civ. No. 5541.   Fourth Dist.   Jan. 17, 1957.]

OPHA FRANCES HARVEY et al., Appellants, v. PADIE LOU SMITH et al., Respondents.

William J. Clark, Sr. and William J. Clark, Jr., for Appellants.

Lacey & Cox and Best, Best & Krieger for Respondents.

MUSSELL, J.—This is a quiet title action brought by plaintiffs and appellants, the children by a former marriage of Otis C. Smith, deceased, against Padie Lou Smith, the widow of the decedent, and Thomas J. Fletcher, the executor of his will. Defendants in their answers alleged that the estate of Otis C. Smith and his heirs and devisees are the owners in fee simple of the property involved. The trial court rendered judgment that plaintiffs take nothing by their complaint and that the title to the property be quieted in the heirs and devisees of Otis C. Smith and Thomas J. Fletcher, as executor under his last will and testament.

The facts are set forth in an agreed statement on appeal.

Alice E. Smith died October 8, 1941, and at the time of her death owned the property here involved. She left surviving her Otis C. Smith, her husband, and four children, the plaintiffs and appellants in the present action.

It was stipulated that all parties hereto obtained all their right, title and interest in and to the subject property under the will of Alice E. Smith and by reason of the decree of distribution of her estate, Riverside Probate Number 8979. It was further stipulated that "Otis C. Smith died July 25, 1955; his estate is being probated in Riverside county, number 16710. Defendant Thomas J. Fletcher is the duly qualified and acting executor thereof. The executor included the subject property in the inventory of the estate."

The last will and testament of Alice E. Smith, executed September 4, 1941, contained, in part, the following provisions:

"THIRD: I give and bequeath to my beloved husband, Otis Smith a life estate in Lots 1 and 2 Block 40 Whittier Subdivision and Lot 1 and the East 13.5 feet of Lot 2 Whittier Subdivision of Block 151, Hemet, Riverside County, California. Said Otis Smith shall be entitled to use and manage said property and to receive and keep for his own use all the rent and revenue therefrom, but he shall not be entitled to sell, mortgage or dispose of the same without the written consent of our children, to wit, Opha Francis Harvey, Dr. Georgiana Raymond, Nina Ronilia Graves, and Otis Robert Smith.

"FOURTH: I give and bequeath to my husband, Otis Smith all the residue of my estate, both personal real and mixed property wheresoever the same may be situated."

The order settling final account and decree of distribution in the matter of the estate of Alice E. Smith, Number 8979, dated June 8, 1942, provided, in part, that there be distributed to Otis Smith a life estate, including all income, in and to the property here involved, and "all other property of said estate whether described herein or not."

Appellants contend that under the terms of the last will and testament of Alice E. Smith, deceased, and decree of distribution in the probate of her estate, Otis C. Smith received a life estate and no more in the property involved. This contention is without merit.

In *Estate of Goldberg*, 10 Cal.2d 709, 713 [76 P.2d 508], the rule is stated:

"In general, and in the absence of some existing and affect-

ing condition such as extrinsic fraud, or anything akin thereto, the rule would appear to be well established that even though from a standpoint of following the specific provisions of the will, a decree of distribution of the estate is inaccurate and incorrect, nevertheless after the decree has become final, for all time thereafter, it remains the unalterable measure of the rights of all persons who may be interested in the estate. (*Matter of Trescony,* 119 Cal. 568 [51 P. 951]; *Lankton* v. *Superior Court,* 5 Cal.2d 694, 696 [55 P.2d 1170]; *Goad* v. *Montgomery,* 119 Cal. 552 [51 P. 681, 63 Am.St.Rep. 145]; *Moor* v. *Vawter,* 84 Cal.App. 678 [258 P. 622] and authorities therein respectively cited.) ▮ However, should the language of such a decree appear to be 'uncertain, vague or ambiguous' it is subject to judicial explanation or interpretation, and in such circumstances, the will itself may be used to establish the true meaning and intent of the decree. (*Fraser* v. *Carmen-Ryles,* 8 Cal.2d 143 [64 P.2d 397]; *In re Ewer,* 177 Cal. 660 [171 P. 683]; *Horton* v. *Winbigler,* 175 Cal. 149 [165 P. 423].)''

In *Mitchell* v. *Bagot,* 48 Cal.App.2d 281, 285-286 [119 P.2d 758], it was held that there is no rule of law that will permit a court sitting in equity to declare a decree of distribution void because it does not conform to the provisions of the will; that the rule is well settled that once the decree of distribution becomes final it becomes the measure of the rights of the beneficiary and is immune from collateral attack even though in contravention of the terms of the will; and that the will cannot be used to impeach though it may be used to interpret the decree.

In *Bacon* v. *Kessel,* 31 Cal.App.2d 245, 250 [87 P.2d 857], the court, in discussing the effect of a decree of distribution, said:

''The decree of distribution from which no appeal was taken is a final judgment, and the certified copy thereof was properly admitted. (Code Civ. Proc., § 1905.) That decree is determinative of the facts presented or which might have been presented therein, and is conclusive upon the parties or their privies as to those facts when *incidentally* put in issue between them in relation to a different matter, in the same or any other court.'' (Citations.)

▮ In the instant case there is no allegation in the pleadings or statement in the stipulation of facts of extrinsic fraud, mistake, clerical error or jurisdictional defect regarding the decree of distribution in the estate of Alice E. Smith, de-

ceased. That decree became final on August 7, 1942, and remains undisturbed. It was stipulated that all parties hereto obtained all their right, title and interest in and to the property involved under the will of Alice E. Smith and by reason of said decree of distribution. The decree of distribution is not ambiguous. It gives a life estate to Otis C. Smith and the reversionary interest to him under the omnibus clause of the decree by giving to him "all other property of said estate whether described herein or not." ■ Where, as here, a decree of distribution directs distribution in plain and unambiguous terms it operates as an interpretation of the will and binds the parties. (*Estate of Tynan*, 129 Cal.App.2d 364, 366 [276 P.2d 809].)

Plaintiffs contend that in her will Alice E. Smith designated them as the holders of the reversionary interest in her estate by vesting them with the power of termination. We do not agree with this contention. ■ The function of the court is to construe a will, not to make one; to ascertain the testator's intention as expressed and, if lawful, give it effect. (*Estate of Lefranc*, 38 Cal.2d 289, 296 [239 P.2d 617].)

■ The provisions in paragraph three of the will prohibiting Otis Smith from selling, mortgaging or disposing of his life estate without the consent of the children did not operate to divest Otis Smith of his life estate. They only curtailed his right to dispose of it and did not create any future vested interest in plaintiffs in the property involved. ■ Under the fourth paragraph of the will the residue of the estate, after a specific bequest to decedent's sister and the life estate to Otis Smith, also bequeathed to Otis Smith "all the residue of my estate, both personal real and mixed property wheresoever the same may be situated." It follows that if the will was used by the trial court in interpreting the decree, the provisions thereof are not inconsistent with those of the decree and the trial court correctly determined the extent of the interest of Otis Smith in the property involved as well as the extent of the interest of the plaintiffs therein.

Plaintiffs argue that the trial court erred in finding that the remainder interest in the property involved was not specifically distributed by the decree of distribution and then concluding that the decree gave to Otis Smith "both a life estate and the entire remainder interest in the subject property and vested in him title to the subject property in fee." However, the trial court could and did conclude that this reversionary interest passed to Otis C. Smith and he was vested

with title to the property in fee under the terms of the omnibus clause of the decree and under paragraph four of the will.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied February 15, 1957, and appellants' petition for a hearing by the Supreme Court was denied March 13, 1957.