[Civ. No. 10147.   Third Dist.   Sept. 8, 1961.]

SALLY LOU DOYLE WOODRING, Appellant, v. EVELYN DOYLE BASSO, Individually and as Trustee, etc., et al., Respondents.

Geary, Spridgen & Moskowitz and Whitman, Ward & Thomas for Appellant.

DeMeo and DeMeo and Murphy, Brownscombe & Gleason for Respondents.

WARNE, J. pro tem.*—This is an action to set aside a decree of distribution and impose a trust upon the grounds of mistake and fraud. Demurrers to the second amended complaint were sustained without leave to amend and judgment was entered for the defendants. From the judgment plaintiff appeals. The defendant Meldrum Doyle made a separate appearance by filing a demurrer to plaintiff's second amended complaint. All other defendants appeared and likewise filed demurrers to the second amended complaint. The grounds of demurrer were in substance basically the same. The trial court by a single order sustained the demurrers to plaintiff's second amended complaint on the ground that the second amended complaint failed to state facts sufficient to constitute a cause of action, and also on the ground that the causes of action set out therein appeared to be barred by the statute of limitations. The demurrers were sustained without leave to amend. Apparently, two separate judgments on the order sustaining the demurrers were entered inadvertently, one dated August 16, 1960, in favor of defendant Meldrum Doyle and the other dated August 17, 1960, in favor of all other defendants dismissing the action and awarding costs. The issues as to all parties are the same.

There can be only one judgment in any case between

*Assigned by Chairman of Judicial Council.

the same parties. (*Behr* v. *County of Santa Cruz*, 172 Cal. App.2d 697, 702 [342 P.2d 987].) ▮ However, in the instant case the trial court's order sustaining the respective demurrers was not a piecemeal disposition of the case, but clearly a final disposition of all of the causes of action. It accomplished a single object. Since the case has been fully briefed, and as all pertinent documents are before this court, in the interest of justice and to prevent unnecessary delay, we have concluded that the judgment of August 16, 1960, in favor of defendant Meldrum Doyle should be vacated and set aside and the judgment of August 17, 1960, should be amended to include Meldrum Doyle.

The notice of appeal from that judgment may be properly treated as the notice of appeal from the judgment as thus amended. This brings us to the appeal on the merits. (*Behr* v. *County of Santa Cruz, supra,* at p. 703.)

Plaintiff's complaint is in the nature of a direct attack upon a decree of final distribution in the matter of the estate of Mary E. Doyle, entered by the Superior Court of Sonoma County on February 25, 1927. The cause of action alleged is equitable in nature and seeks to set aside the decree upon the theory of extrinsic fraud and mistake.

The allegations made in the second amended complaint are substantially as follows: The appellant and the respondents are the natural children of Fred R. Doyle who died on June 21, 1959. Fred R. Doyle was one of the natural sons of Mary E. Doyle, deceased, who died on March 3, 1926, in Sonoma County.

Mary E. Doyle left a will which was probated in the Sonoma County Superior Court. Article VII of the will named her son, Frank P. Doyle, as trustee for the benefit of her son, Fred R. Doyle, and the issue of Fred R. Doyle. The trust provisions were to the effect that one-half of the trust estate was to be accumulated for the benefit of the issue of Fred R. Doyle until they individually reached a majority. At that time the income from the per capita share of each individual was to be paid until he or she, respectively, attained 30 years of age, at which time his or her share of the corpus was to be distributed. The income from the other one-half of the trust corpus was to be paid to Fred R. Doyle during his lifetime. Upon the event of his death the disposition of his part of the trust was to be to his issue in accordance with the other provisions.

The second amended complaint then alleges that the appel-

lant, Sally Lou Doyle Woodring, is one of the issue of Fred R. Doyle; that she was born August 12, 1927; and that "The decedent, Mary E. Doyle, intended to include plaintiff as a beneficiary under the terms and provisions of said will and the trust created thereunder and said Mary E. Doyle, Deceased, intended said class, 'issue of my son, Fred R. Doyle,' to remain open until the death of said Fred R. Doyle, or until the oldest of the issue of said Fred R. Doyle should attain age thirty (30) years, whichever occurred first.''

It is further alleged that on February 25, 1927, the superior court made its decree of final distribution in the matter of the estate of Mary E. Doyle and that the court was not at that time informed that appellant was *en ventre sa mere*, nor that appellant was one of the class referred to in article VII of the will. It is also alleged that ''At no time before the making or entry of said decree of final distribution was plaintiff able herself or through a representative to inform this court of her existence or of the fact that she was a member of said class. At the time said decree of final distribution . . . was entered, this court was mistaken as to the identity of the members of the class . . . in that said court believed that said class included only . . . [naming the defendants]. As a result of said mistake, this court made and entered its decree of final distribution . . . naming said defendants and omitting to name plaintiff as the members [*sic*] of said class, namely, 'issue of my son, Fred R. Doyle.' ''

The second amended complaint proceeds to allege that: "Plaintiff first acquired knowledge that Article VII of the last will and testament of Mary E. Doyle, deceased, established trusts for the benefit of the issue of her father, Fred R. Doyle, within less than three (3) years preceding the filing of the original complaint herein. Plaintiff first acquired knowledge that this court had mistakenly failed to include her as a member of said class and that her existence as a member of said class had not been disclosed to this court less than three (3) years immediately preceding the filing of the original complaint herein. Since the appointment of the defendant Evelyn Doyle Basso as one of the trustees in the trusts created by said Article VII of the will . . ., plaintiff has relied upon the statements and representations made by said defendant Evelyn Doyle Basso concerning plaintiff's rights under said trusts. After the appointment of said defendant Evelyn Doyle Basso as one of the trustees of said trusts on September 17, 1947, plaintiff from time to time inquired of said defendant

Evelyn Doyle Basso concerning her rights, if any, under the trusts. . . . On each occasion . . ., plaintiff was informed by said defendant that plaintiff had no rights under the provisions of the trusts created by Article VII of said last will and testament because the decree of distribution . . . did not name plaintiff as one of the beneficiaries and remaindermen of such trusts. On at least one occasion in February, 1959, said defendant Evelyn Doyle Basso requested her attorney to write to plaintiff concerning plaintiff's interests. . . . Said defendant's attorney also advised plaintiff that the trusts . . . were for the benefit of Fred R. Doyle's six (6) children and that plaintiff had no rights therein because she was not named in the decree of distribution. . . . At no time did said defendant or her attorney or anyone advise plaintiff of the provisions of Article VII of the . . . will . . ., and plaintiff had no actual knowledge of such provisions until sometime in late February or March, 1959. Plaintiff believed and relied upon the representations and statements . . . until plaintiff sought her own counsel in February or March, 1959 at which time plaintiff for the first time learned of the actual provisions of Article VII. . . . During all of the time since the appointment of defendant Evelyn Doyle Basso as one of said trustees, said defendant had knowledge of the provisions of Article VII . . ., but did not disclose to plaintiff the provisions thereof. . . .''

In the third alleged cause of action plaintiff alleged on information and belief that at the time of the hearing of the petition for final distribution of the estate of Mary E. Doyle ''the petitioners, trustees and the defendants had knowledge of the fact that plaintiff was en ventre sa mere and was a member of the class. . . . Plaintiff . . . alleges that said facts were not disclosed to the court . . . and that this court was, as a result of the nondisclosure of said facts, misled and deceived in making, signing, filing and entering said decree of final distribution, omitting the designation of plaintiff as one of the members of said class.''

In her complaint plaintiff prayed for: (1) a decree vacating and setting aside that portion of the decree of final distribution dealing with the trusts and directing the modification of that decree to include plaintiff as a member of the class designated in the will as ''issue of my son Fred R. Doyle''; (2) an accounting; and (3) other relief.

The allegations concerning fraud through nondisclosure at the time of the hearing are clearly insufficient.

These allegations are upon information and belief, without a statement of the facts upon which the belief is founded. Such a statement is required. (*Dowling* v. *Spring Valley Water Co.*, 174 Cal. 218 [162 P. 894]; *Findley* v. *Garrett*, 109 Cal.App.2d 166 [240 P.2d 421].) The case relied upon by plaintiff, *Campbell-Kawannanakoa* v. *Campbell*, 152 Cal. 201 [92 P. 184], is not in point. There the court merely stated that allegations on information and belief may properly be made where the allegations are as to matters which are peculiarly within the knowledge of the defendants and as to which plaintiffs could learn only from statements made to them by others. The case was not concerned with the question whether a statement of facts forming the basis for belief is required. Furthermore, in plaintiff's original complaint she alleged that she ''is without sufficient knowledge or information to enable her to allege any facts concerning any disclosures or non-disclosures to the court at the time the decree of final distribution herein was made, . . . .'' No explanation of where the plaintiff later acquired information is provided (see *Bossert* v. *Stokes*, 179 Cal.App.2d 457 [3 Cal.Rptr. 884]); also the allegations are not of concealment, but rather are simply of nondisclosure. Failure to disclose is not actionable where there is no duty to disclose. (23 Cal.Jur.2d, Fraud and Deceit, § 46, p. 111.) There is no indication that any of the defendants was in a fiduciary capacity at the time of final distribution, but, conversely, the complaint shows they were all merely beneficiaries of the trust at that time.

▉▉ Nor is fraud alleged against the defendant Evelyn Doyle Basso who allegedly acted as trustee from 1947. These allegations are merely to the effect that the trustee informed the plaintiff that she had no interest in the trust, as the decree of distribution did not name her as a beneficiary. The allegations of this case are strikingly similar to the complaint analyzed in *Abels* v. *Frey*, 126 Cal.App. 48 [14 P.2d 594]. It was there pointed out that unless the acts complained of consist of extrinsic fraud a court of equity is without jurisdiction to afford relief.

''. . . The gravamen of the rule thus expressed lies in the fact that ' ''the unsuccessful party has been prevented from exhibiting fully his case.'' ' (*Bacon* v. *Bacon*, 150 Cal. 477 [89 P. 317, 322].)'' (*Abels* v. *Frey*, *supra*, at p. 55.) In the *Abels* case the court held that the statements there made were but conclusions of law and not a misstatement or concealment of any fact which prevented the appellants therein from

making inquiry or having a trial. Likewise, in this case the alleged statements by Evelyn Doyle Basso did not in any way prevent the plaintiff from making further inquiry, or filing, or trying her case, and likewise were merely her conclusions as to the plaintiff's legal rights; also there is no allegation here, as there, that the trustee knew that plaintiff was entitled to share in the trust, or that she knew her statements of the law were incorrect. The major difference between this case and the *Abels* case, *supra,* is that there the conclusion of law expressed was clearly incorrect; here it is not.

Furthermore, the *Abels* case, *supra,* held that the period allowed by the statute of limitations had expired in that the appellants had due notice of the proceedings in the estate ''and that they did not use due diligence in ascertaining what their rights were in reference thereto.'' (*Abels* v. *Frey, supra,* at p. 58.) In the present case plaintiff's complaint on its face shows that she reached majority in 1948. It is also alleged that ''After the appointment of said Evelyn Doyle Basso as one of the trustees . . . on September 17, 1947, plaintiff from time to time inquired of said defendant Evelyn Doyle Basso concerning her rights, if any, under the trusts.'' Although ambiguous, the implication of this allegation is that appellant had knowledge that the trust existed for at least 11 years and during that time made inquiry of the trustee. Under the Abels case she had constructive knowledge of the trust provisions and was put upon inquiry at that time.

As was said in *Davis* v. *Hibernia Sav. etc. Soc.,* 21 Cal.App. 444, 448 [132 P. 462]:

''One important observation is that the right of plaintiff to invoke the aid of equity for fraud after three years have expired is an exception to the general statute on the subject and plaintiff must bring himself clearly within the terms of the exception if he desires to claim the benefit of it.

''Again, *discovery* and *knowledge* are not convertible terms and whether there has been a *discovery* within the contemplation of the statute is a question of law to be determined by the court from the facts pleaded. It is not, therefore, sufficient for the plaintiff to aver that he was ignorant of the facts at the time of their occurrence and was not informed of them until within the three years. He must show that the acts of fraud were committed under circumstances that he would not be presumed to have knowledge of them, it being the rule that if he has 'notice or information of circumstances which would put him on inquiry which if followed would lead to

knowledge, or that the facts were presumptively within his knowledge, he will be deemed to have had actual knowledge of the facts.' "

In the present case plaintiff has not shown that she could not have discovered with reasonable diligence prior to three years before the suit. (Code Civ. Proc., § 338, subd. 4; see 1 Witkin, California Procedure, § 143, pp. 652, 653; 2 Witkin, California Procedure, § 479, p. 1465; *Lady Washington C. Co.* v. *Wood,* 113 Cal. 482 [43 P. 809]; *Original Min. & Mill. Co.* v. *Casad,* 210 Cal. 71 [290 P. 456]; *Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412 [159 P.2d 958].) Therefore her claim is on its face barred by the statute of limitations.

Nor are plaintiff's allegations of extrinsic mistake sufficient. The only basis which appellant asserts to show that the trial court did not know of her existence at the hearing on final distribution is the fact of the decree that was entered. Appellant claims that the decree was in error, but if this is so, the decree is nonetheless a final adjudication of the rights of heirs, devisees and legatees.

". . . It is settled, however, that, once final, an erroneous decree of distribution, like any other erroneous judgment, is as conclusive as a decree that contains no error." (*Estate of Loring,* 29 Cal.2d 423, 432 [175 P.2d 524]; see also *Estate of Freeman,* 146 Cal.App.2d 49 [303 P.2d 609]; *Harvey* v. *Smith,* 147 Cal.App.2d 646 [305 P.2d 718]; Prob. Code, § 1021.) It is conclusive even if erroneous and though the record itself shows it is erroneous. (*Estate of Buckhantz,* 159 Cal.App.2d 635 [324 P.2d 317].)

The fact that the decree of distribution omitted plaintiff, if error, is more indicative of mistake of law than mistake of fact, i.e., lack of knowledge of plaintiff's existence at the time of the hearing. The issue before the trial court at that time was the question when the class named in the trust was to close. Two alternatives were open: (1) at the time of the death of the testator or (2) at some future event, as the distribution of the trust upon the first child's attaining 30 years of age. The original complaint indicates that at the time of the death of the testatrix at least one child of Fred R. Doyle had reached majority. (See 31 Cal.Jur.2d 352; 2 Tiffany, Real Property [3d ed.], § 381, p. 141; Restatement, Property, §§ 295, 296.) Plaintiff cites no authority, and we have found none, wherein the class was closed, using the date of a decree of final distribution, as such, in determining when a class was to close. The result is that even if the trial

court did not know of plaintiff's existence at the time of the decree it did know of Fred R. Doyle's existence and, thus, the possibility of future issue. Therefore, the possibility of leaving the class subject to divesting *pro tanto* in order to permit others thereafter born to share in the benefits of the devise was apparent, irrespective of knowledge of plaintiff's existence. The complaint also shows that plaintiff was not *in esse* at the time of the testatrix's death, as plaintiff was born some 17 months later. Far from showing a mistake of fact, the decree itself shows only a mistake of law, if that.

In any event plaintiff's claim is barred by the statute of limitations.

The judgment of August 16, 1960, in favor of defendant Meldrum Doyle is vacated and set aside and the judgment of August 17, 1960, is amended to include Meldrum Doyle. As so amended the judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.