Filed 10/5/22  McLean v. Rosman CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| ROSS A. McLEAN et al.,<br><br>      Plaintiffs and Appellants,<br><br>      v.<br><br>GIDON ROSMAN et al.,<br><br>      Defendants and Respondents. | B308260<br><br>(Los Angeles County<br>Super. Ct. No. LC104705) |

APPEAL from an order of the Superior Court of Los Angeles County, Theresa M. Traber, Judge.  Affirmed.

Pensanti & Associates and Louisa Pensanti for Plaintiffs and Appellants.

Keiter Appellate Law, Mitchell Keiter; Pariser & Pariser and Wayne Pariser for Defendants and Respondents.

————————————————

This is an appeal from a July 23, 2020 attorney fee award arising from a prior appeal of this matter. The prior appeal was dismissed because appellants Ross and Louisa McLean (the McLeans) failed to file a Case Information Statement. We awarded costs on appeal to respondents Gidon Rosman and Eyal Kanitz (the Rosmans). After remittitur issued, the trial court awarded respondents attorney fees pursuant to a provision in a settlement agreement the McLeans had sought to enforce in the underlying action against the Rosmans.

In this appeal, the McLeans contend the trial court erred in awarding attorney fees to the Rosmans based on the agreement, which the trial court had previously found unenforceable against the Rosmans. We affirm the July 23, 2020 award.

## BACKGROUND

In 1974, the McLeans subdivided their property into four lots, keeping two of the lots and selling the other two. One lot was purchased by Donelle-Norell Properties, LLC (Donelle). In 2008, Donelle filed a quiet title and easement action against the McLeans related to an unpaved roadway which was the only access to the lots. In January 2010, Donelle and the McLeans signed a settlement agreement (Agreement) with a provision for attorney fees.

The attorney fees provision states: "Should any party institute an action or proceeding to enforce any provision of this Agreement, or for damages by reason of alleged breach of this Agreement, the prevailing party shall be entitled to recover all costs and expenses, including attorneys' fees, incurred in connection with such action, including those incurred on appeal and in enforcing a judgment."

2

Several years after Donelle and the McLeans signed the settlement agreement, the Donelle property was bought by the Rosmans.

In 2016, the McLeans filed a complaint against the Rosmans, alleging a breach of the 2010 settlement agreement between the McLeans and Donelle. The Rosmans successfully obtained summary judgment in that action on the grounds they were not signatories to the settlement agreement and had no knowledge of its terms. The McLeans purport to quote from the trial court's January 18, 2019 minute order in which the trial court found the Rosmans "had demonstrated there are no triable issues of fact to show the formation of a contract" because the Rosmans were "twice removed" from the predecessor owner that signed the settlement and that the McLeans had "failed to comply with Civil Code section 1468 to perfect the lien by recording [the settlement]," thereby making the settlement void. Neither the complaint nor this minute order is part of the appellate record, but the Rosmans do not dispute this description of the proceedings and the order.

After prevailing on the motion for summary judgment, the Rosmans moved for an award of attorney fees and costs, relying on the attorney fees provision of the settlement agreement, Civil Code section[1] 1717, and case law, including *Hsu v. Abbara* (1995) 9 Cal.4th 863. On April 23, 2019, the trial court granted the motion and awarded fees on those bases.

---

[1]     Unspecified statutory references are to the Civil Code.

3

On June 13, 2019, the McLeans filed a notice of appeal from the order awarding attorney fees.[2]  This is the prior appeal referred to above.  The appeal was dismissed because the McLeans failed to file a Case Information Statement.  The McLeans requested and received relief from default, but their notice of appeal was dismissed again on October 23, 2019, for again failing to file a Case Information Statement.  Remittitur issued on December 26, 2019.

On January 2, 2020, the Rosmans moved for additional attorney fees related to the dismissed appeal, on the same bases as before.  On July 23, 2020, the trial court awarded the Rosmans additional attorney fees.  This appeal followed.  It involves only the July 23, 2020 fee award.

## DISCUSSION

A.    *The McLeans Are Not Estopped or Precluded from Challenging the July 2020 Attorney Fees Award.*

The Rosmans contend that the trial court's prior attorney fees award for their successful summary judgment motion is final and estops the McLeans from challenging the trial court's later fee award for the McLeans' unsuccessful appeal of the earlier award.

The Rosmans use the terms "estoppel" and "preclusion," and cite at least two cases which use the phrase "res judicata." (E.g., *Samara v. Matar* (2018) 5 Cal.5th 322, *In re Marriage of Spector* (2018) 24 Cal.App.5th 201, 208 (*Spector*).)  These terms have different meanings, although they are often used

---

[2]    On our own motion, we take judicial notice of our records in the prior appeal, case No. B298461.

4

interchangeably.  Regardless, both res judicata (claim preclusion) and collateral estoppel (issue preclusion) traditionally apply to second or successive actions between the same parties or parties in privity with them.  (*Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1563 [claim preclusion " ' " 'operates as a bar to the maintenance of a second suit' " ' " while issue preclusion " ' " 'precludes a party to an action from relitigating in a second proceeding matters litigated and determined in a prior proceeding.' " ' "]; see also *People v. Barragan* (2004) 32 Cal.4th 236, 253.)  Because these doctrines are not typically applied in the same proceeding, we do not apply them here.[3]

B.      *The Trial Court Did Not Err in Awarding Attorney Fees to the Rosmans.*

The McLeans contend the trial court erred in relying on the settlement agreement to award the Rosmans attorney fees on appeal.  The McLeans contend the Rosmans were not parties to the Agreement or beneficiaries of it, did not participate in the negotiation of the Agreement, and were found by the trial court not to be bound by the Agreement.  More specifically, the McLeans contend the trial court erred in relying on a single decision, *Hsu v. Abbara, supra*, 9 Cal.4th 863 (*Hsu*).  They claim

---

[3]      *Spector*, cited by Rosman, might be understood to be referring to preclusion within a case, but *Spector* involves a very particular type of order in marital dissolution proceedings, specifically a temporary spousal support order, and there are statutory restrictions in the Family Code on the modification of such an order which are not a consideration in other cases.  We note that such orders can be modified, just not with retroactive effect.  (*Spector, supra*, 24 Cal.App.5th at p. 208.)

*Hsu* is factually inapplicable to this case because the prevailing party in *Hsu,* although not a signatory, had helped negotiate the contract at issue.  Here the Rosmans were completely uninvolved in crafting the settlement agreement at issue.  We do not think this fact is relevant.

    *Hsu* is the long-standing law in California and is in no way controversial.  Although it is a single case, it is a decision of the California Supreme Court case, and the trial court and this court are bound by it.  (*Auto Equity Sales, Inc. v. Superior* (1962) 57 Cal.2d 450, 455.)  As the Supreme Court explained in *Hsu*: "It is now settled that a party is entitled to attorney fees under section 1717 'even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent, if the other party would have been entitled to attorney's fees had it prevailed.' [Citations.]" *(Hsu*, *supra*, 9 Cal.4th at p. 870.)  There is no requirement in *Hsu* that the prevailing party have been involved in negotiating the contract at issue.  Rather, the party is entitled to attorney fees because, as the Supreme Court explained, "[t]his rule serves to effectuate the purpose underlying section 1717.  As this court has explained, '[s]ection 1717 was enacted to establish mutuality of remedy where [a] contractual provision makes recovery of attorney's fees available for only one party [citations], and to prevent oppressive use of one-sided attorney's fees provisions.  [Citation.]' [Citations.]  The statute would fall short of this goal of full mutuality of remedy if its benefits were denied to parties who defeat contract claims by proving that they were not parties to the alleged contract or that it was never formed." (*Hsu,* at p. 870.)

In a further attempt to show error, the McLeans rely on cases which involve parties who claimed to be third party beneficiaries. (*Murphy v. Allstate Ins. Co.* (1976) 17 Cal.3d 937, 943–944 (*Murphy*); *Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 674 (*Sessions*); *Super 7 Motel Associates v. Wang* (1993) 16 Cal.App.4th 541, 546–547 (*Super 7*).) This reliance is misplaced.

A third party beneficiary may enforce a contract expressly made for its benefit. Its right to performance is based on the contracting parties' intent to benefit it. (*Murphy*, *supra*, 17 Cal.3d at pp. 943–944.) Based on the limited record before us, the McLeans did not sue the Rosmans as third party beneficiaries of the agreement, they sued the Rosmans on the theory that although the Rosmans were not signatories they were as bound by the contract as if they were signatories. Similarly, the Rosmans did not seek attorney fees as third party beneficiaries (unlike the parties in *Super 7* and *Sessions*, who did seek attorney fees on such a basis).

Further, *Super 7* and *Sessions* both recognize the rule summarized in *Hsu*. (*Sessions*, *supra*, 84 Cal.App.4th at p. 678 ["[S]ection 1717 makes an otherwise unilateral right reciprocal when a *defendant* sued on a contract with a provision awarding attorney fees to the prevailing party defends by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of that contract. . . . 'To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been

7

entitled to attorney fees under the contract had they prevailed.' "] *Super 7, supra,* 16 Cal.App.4th at p. 548 ["Several cases hold that a plaintiff, having sued a nonsignatory on the contract as if the nonsignatory were a contracting party, becomes liable for fees when the nonsignatory prevails. . . . Those cases involved lawsuits in which the plaintiff's claim, if successful, would have established the defendant was *in fact liable* on the contract even though the defendant was nominally a nonsignatory."].)

The McLeans also rely on *Canal-Randolph Anaheim, Inc. v. Wilkoski* (1978) 78 Cal.App.3d 477 (*Canal-Randolph*) for the proposition that section 1717 is not intended to make parties with no role in the formation of a contract beneficiaries of its attorney fees provision. We do not see any reference to a "role in contract formation" in *Canal-Randolph.* The opinion holds that section 1717 is only intended "to make unilateral attorney fee provision in a contract reciprocal, not to extend the benefit of a contractual provision for the recovery of attorney fees to a person not a party to the contract." (*Canal-Randolph,* at p. 486.) *Canal-Randolph* is an opinion by the Fourth District Court of Appeal and it expressly disagrees with *Babcock v. Omansky* (1973) 31 Cal.App.3d 625, an opinion on the same issue out of the Second District. *Canal-Randolph* was not controlling law when it was written, and because it predates and is inconsistent with *Hsu*, we view it as having been impliedly overruled.

C.    *The Rosmans Are Not Estopped from Pursuing Attorney Fees by Their Success in Obtaining Summary Judgment.*

The McLeans contend the doctrine of judicial estoppel bars a party from taking inconsistent positions in the same or separate proceedings and so the Rosmans, having obtained summary judgment on the ground they were not parties to the

contract, cannot take a contradictory position and claim they are parties to obtain attorney fees.

The Rosmans never claimed to be a party to the settlement agreement. We understand the Rosmans are relying on section 1717 for attorney fees. As the California Supreme Court has explained: "The second situation in which section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, is when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation 'by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract.' [Citation.] *Because these arguments are inconsistent with a contractual claim for attorney fees under the same agreement, a party prevailing on any of these bases usually cannot claim attorney fees as a contractual right. If section 1717 did not apply in this situation, the right to attorney fees would be effectively unilateral—regardless of the reciprocal wording of the attorney fee provision allowing attorney fees to the prevailing attorney— because only the party seeking to affirm and enforce the agreement could invoke its attorney fee provision.* To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 611, italics added.)

## DISPOSITION

The July 23, 2020 order awarding attorney fees to respondents is affirmed.  Respondents to recover costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.

10