[Civ. No. 15191. Fourth Dist., Div. Two. Jan. 22, 1976.]

CARE CONSTRUCTION, INC., et al., Plaintiffs and Appellants, v. CENTURY CONVALESCENT CENTERS, INC., et al., Defendants and Respondents.

---

COUNSEL

W. Patrick O'Keefe, Jr., for Plaintiffs and Appellants.

Trope & Trope and William B. Anderson for Defendants and Respondents.

---

OPINION

THE COURT.*—Plaintiffs, Care Construction, Inc., et al. (hereinafter referred to as "Care"), were engaged in the business of constructing convalescent hospitals. Care, once construction was completed, would then lease or sell the convalescent hospitals to operators. Among the operators with whom Care negotiated to lease its convalescent hospitals was defendant Century Convalescent Centers, Inc. (hereinafter referred to as "Century"). Century was a publicly held company which was engaged in the business of operating convalescent hospitals.

This controversy between Care and Century centered on a convalescent hospital completed in February 1971 in the City of Camarillo. Care had obtained the Camarillo property from Mr. Nathan Waters, who had originally desired to construct the convalescent hospital on this property. When the property was transferred from Mr. Waters to Care on May 20, 1970, there was also transferred to Care, Mr. Waters' interest in a lease to a proposed convalescent hospital with Century.

The lease which had been offered to Mr. Waters by Century in 1969 had never been accepted by Waters.

During 1970-1971, negotiations were conducted by various officials and attorneys for Care and Century with regard to the Camarillo

---

*Before Gardner, P. J., Kaufman, J., and McDaniel, J.

convalescent hospital. These negotiations terminated when, in 1971, Century indicated it could no longer afford to enter into a lease with Care for the Camarillo facility.

Care brought an action against Century contending that Century had breached its lease with Care. The trial was before the court sitting without a jury. At the conclusion of the trial on August 14, 1974, the court announced its intended decision that plaintiffs recover nothing from defendant. Judgment was entered accordingly.

After entry of the judgment defendant filed a memorandum of costs and disbursements and plaintiffs filed a motion to tax costs. On January 10, 1975, the court signed an order taxing costs against plaintiffs in the sum of $4,143.35.

In their appeal from the judgment and from the order taxing costs, plaintiffs urge that the Waters lease was valid and that Century breached the lease, that there was no material alteration of the Waters lease, and that aside from the Waters lease Century was bound by the totality of agreements arising from their negotiations to lease the Camarillo facility. Finally, they contend with regard to the order taxing costs that Century was not entitled to costs for release of an attachment bond.

We have carefully studied the record presented by the parties and have concluded that the trial court's findings that there was no lease nor binding agreement between the parties are supported by substantial evidence. (*Back* v. *New York Merchandise Co.* (1961) 196 Cal.App.2d 434 [16 Cal.Rptr. 591].)

Although there was conflicting evidence presented on the issues from which the trial court could have concluded as urged by Care that there was a binding agreement, this court is not at liberty to substitute that conclusion for the one actually reached by the trial court when the trial court's conclusion is supported by substantial evidence. (Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 245, p. 4236.)

Similarly, with regard to the award of costs there is substantial evidence supporting the trial court's determination. (*Acoustics, Inc.* v. *Trepte Constr. Co.* (1971) 14 Cal.App.3d 887, 916 [92 Cal.Rptr. 723]; *Combs* v. *Haddock* (1962) 209 Cal.App.2d 627, 633 [26 Cal.Rptr. 252]; *Crag Lumber Co., Inc.* v. *Crofoot* (1958) 156 Cal.App.2d 568, 570 [319 P.2d 668].)

Since the trial court's judgment is supported by substantial evidence, the judgment should be affirmed. However, Century has asked us to award it attorney's fees on appeal. A similar request for attorney's fees made of the trial court was denied and because defendants did not appeal from that ruling, we are not here concerned with attorney's fees for the trial.

Care noted in their briefs that "the lease in this case expressly provided that the lessee should pay to the lessor reasonable attorney's fees in the event of any litigation." In fact, Care requested the award of attorney's fees for the trial and this appeal if it were the prevailing party.

California Civil Code, section 1717, provides in relevant part that: "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

As we indicated in *Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 596-597 [97 Cal.Rptr. 30], with regard to Civil Code, section 1717: "It is common knowledge that parties with superior bargaining power, especially in 'adhesion' type contracts, customarily include attorney fee clauses for their own benefit. This places the other contracting party at a distinct disadvantage. Should he lose in litigation, he must pay legal expenses of both sides and even if he wins, he must bear his own attorney's fees. One-sided attorney's fees clauses can thus be used as instruments of oppression to force settlements of dubious or unmeritorious claims. [Citation omitted.] Section 1717 was obviously designed to remedy this evil.[3]

"[3]Civil Code, section 1717, is part of an overall legislative policy designed to enable consumers and others who may be in a disadvantageous contractual bargaining position to protect their rights through the judicial process by permitting recovery of attorney's fees incurred in litigation in the event they prevail. (See e.g. Civ. Code, § 1811.1 [Installment Sales Contracts]; Civ. Code, § 2983.4 [Conditional Sales Contracts]; Civ. Code, § 1794.1 [Sale Warranties of Consumer Goods]; Civ. Code, § 1812.94 [Health Studio Contracts]; Civ. Code, § 1732 [Swimming Pool Construction Contracts].)"

Here if Care had been able to convince the trial court that there was a valid lease between the parties breached by Century, then Care would have been able to recover attorney's fees under the lease provision. Care contends, however, that since the trial court found that there was not a valid lease then no attorney's fees can be awarded to Century. ▮ Although we are unaware of any California case involving these specific facts, we think the only way of carrying out the purpose of mutuality found in Civil Code, section 1717, is by holding that Century is entitled to attorney's fees on appeal.

Other cases involving section 1717 have determined that "The primary purpose of Civil Code section 1717 is to transfer a unilateral contractual contract right to attorneys' fees into a reciprocal provision giving the right to recover to *either* party." [Italics in original.] (*T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 63 [112 Cal.Rptr. 910]; and that the statutory language is not limited to any particular kind of contract, *San Luis Obispo Bay Properties, Inc.* v. *Pacific Gas & Elec. Co.* (1972) 28 Cal.App.3d 556, 571 [104 Cal.Rptr. 733].)

Additionally, we note that in *Leaf* v. *Phil Rauch, Inc.* (1975) 47 Cal.App.3d 371 [120 Cal.Rptr. 749], involving an action by the purchaser of an automobile against an automobile dealer and the manufacturer seeking restitution based on rescission of a motor vehicle conditional sales contract, the Court of Appeal reversed a judgment denying attorney's fees. The plaintiff's contention in *Leaf* was that the action there was an action "on a contract" within the meaning of Civil Code, sections 1717 and 2983.4.[1] The Court of Appeal in *Leaf,* relying on *Morgan* v. *Reasor Corp.* (1968) 69 Cal.2d 881 [73 Cal.Rptr. 398, 447 P.2d 638], indicated that "Inasmuch as Civil Code section 1811.1 provides for the recovery of attorneys' fees in language identical in all material respects with the language of section 2983.4, the phrase 'on a contract' should be given the same meaning in both statutes." (47 Cal.App.3d at p. 378.) The California Supreme Court in *Morgan* v. *Reasor Corp., supra,* at pages 896-897, had indicated that "The legislative history of the section [Civ. Code, § 1811.1] requires us to interpret liberally the phrase 'on a contract'. . . The committee [Assembly subcommittee which recommended the Unruh Act] clearly intended no limitation on the type of action covered by section 1811.1 so long as the subject matter involved a

---

[1]Civil Code, section 2983.4 provides: "Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a conditional sale contract subject to the provisions of this chapter [Automobile Sales Finance Act, Civ. Code, § 2981 et seq.] regardless of whether the action is instituted by the seller, holder or buyer."

contract subject to the provisions of the Unruh Act." The court in *Leaf* concluded: "Thus: although a contract is extinguished by its rescission [citations omitted], and the instant action sought restitution based on plaintiffs' prior rescission of the motor vehicle conditional sale contract, the action nevertheless 'involved' that contract . . . ." [Fn. omitted.] (47 Cal.App.3d at pp. 378-379.)[2]

Two relevant aspects of the *Leaf* decision are important here. First of all, the "on a contract" language of Civil Code, sections 1811.1 and 2983.4, appears to have the same meaning when found in section 1717. As we noted in *Coast Bank* v. *Holmes, supra,* 19 Cal.App.3d 581, 597, footnote 3, these sections are all part of an overall legislative policy to provide for recovery of attorney's fees for the prevailing party. Thus, as long as the action here involved a contract it was "on a contract" and within Civil Code, section 1717.

The second significant aspect of *Leaf* is that it involved an action for restitution on a rescinded contract. We think this aspect of *Leaf* supports our belief that Century, although arguing there was no lease, is entitled to attorney's fees. We can find little to differentiate an "extinguished" contract from one such as this one which was found not to have been accepted by Century, at least for the purposes of section 1717.

We find similar support for the concept that one who defends a lawsuit "on a contract" on the basis that there was no valid agreement is entitled to attorney's fees in *Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625 [107 Cal.Rptr. 512]. In *Babcock,* one of the defendants, Bertha Omansky, was successful in obtaining a nonsuit on one of the causes of action which contended she was a joint venturer. She appealed the trial court's failure to award her attorney's fees pursuant to Civil Code, section 1717. The Court of Appeal in sustaining her contention held: "It seems clear, by virtue of the above, that plaintiffs were thus seeking recovery on the notes; having won an order of nonsuit as to this tenth cause of action, Bertha was the 'prevailing party' and entitled to attorney's fees under section 1717." (31 Cal.App.3d at p. 633.)

---

[2] The Oregon Supreme Court in *Pickinpaugh* v. *Morton* (1973) 268 Ore. 9 [519 P.2d 91], with three justices dissenting, held that an action for rescission also cancelled a provision of a sales contract for attorney's fees. It is noteworthy that the contract provision in the Oregon case was mutual in that it provided for attorney's fees to the prevailing party and that it did not involve a statutory enactment similar to California Civil Code, section 1717.

Nor are we dissuaded by the decision in *Geffen* v. *Moss* (1975) 53 Cal.App.3d 215 [125 Cal.Rptr. 687]. In *Geffen,* there was an action by one attorney against another attorney for damages for breach of a contract of sale of "the physical assets, files and work in process" of plaintiff's law practice to defendant. The trial court found that a portion of the agreement was invalid and unenforceable as an attempt to sell the "good will" of a law practice, and awarded defendant attorney's fees. The Court of Appeal struck the award of attorney's fees without further explanation, noting that ". . . since we have decided that the obligation to pay . . . is contrary to public policy and unenforceable the right to attorney's fees created by this provision never matured." (53 Cal.App.3d at p. 227.)

The effect of the *Geffen* decision is that where neither party can enforce the agreement there is no need for a mutual right to attorney's fees. Here there was no public policy against enforcement of the contract and therefore mutuality is required by Civil Code, section 1717.

To summarize, we hold that where there is an action on a purported lease which contains a provision for attorney's fees for the lessor that the lessee is entitled to attorney's fees under Civil Code, section 1717, if he succeeds in defending on the theory that there was no valid or enforceable lease.

The judgment is affirmed. Century is entitled to its costs and reasonable attorney's fees on appeal in an amount to be determined by the trial court after the remittitur is filed. (*System Inv. Corp.* v. *Union Bank* (1971) 21 Cal.App.3d 137, 165 [98 Cal.Rptr. 735].)