[Civ. No. 67286. Second Dist., Div. Six. Dec. 2, 1983.]

BOB JONES, Plaintiff and Respondent, v.
VINCENT DRAIN et al., Defendants and Appellants.

COUNSEL

Simon & Sheridan and Douglas G. Simon for Defendants and Appellants.

Goux, Romasanta & Cappello, A. Barry Cappello and Frances E. Komoroske for Plaintiff and Respondent.

OPINION

STONE, P. J.—Appellants Vincent and Eva Drain appeal from an order taxing costs denying their request for attorneys' fees.

FACTS

The appellants entered into an exclusive listing contract with Sears Realty for the sale of their home in Santa Barbara County. Sears Realty entered into an oral contract with respondent, Bob Jones Realty, in which the respondent agreed to act as a cooperative broker to find a purchaser for the Drain property. Bob Jones located a potential purchaser that submitted an

offer on July 28, 1978. This offer was rejected because of potential adverse tax consequences for the Drains.

On August 24, 1978, the appellants received an oral offer from David Boggs which was accepted. The parties agreed to meet August 29, 1978, to reduce the agreement to writing. In the meantime, the Drains received written offers from a purchaser obtained by Bob Jones Realty. These offers were rejected because the Drains had previously agreed to sell the property to Boggs.

Bob Jones Realty and its purchaser, the Masins, filed suit against the Drains and Sears Realty alleging: (1) housing discrimination, (2) misrepresentation, (3) breach of contract, and (4) declaratory relief. The first two causes of action were decided at trial in favor of Sears Realty and the appellants, the Drains. The trial court granted summary judgment on the third and fourth causes of action in favor of the appellants and Sears Realty.

The fourth cause of action was appealed to this court and the ruling of the trial court was affirmed. (See *Masin* v. *Drain, post,* [Reporter's Note: filed Dec. 2, 1983, rehg. granted Dec. 28, 1983, affd., new opn. 150 Cal.App.3d 714].) However, Vincent and Ruth Drain have brought this appeal contesting the trial court's order taxing the attorneys' fees request from its memorandum of costs.

## ANALYSIS

 The sole issue on appeal is whether or not the trial court correctly denied the appellants' claim for attorneys' fees.

The appellants argue that Civil Code section 1717 provides authority for the attorney's fees award. That section states in pertinent part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements." It is the appellants' contention that since the respondent brought suit against the Drains for breach of contract which contained an attorney's fee provision, that the appellants should be able to recover their legal fees as the prevailing party. The respondent asserts that the Drains should not be allowed to recover their costs because the trial court found, as a matter of law, that no contract existed between Bob Jones Realty and the Drains.

The issue raised by the respondent was considered in the case of *Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625 [107 Cal.Rptr. 512]. In that case a

wife was sued for breach of four promissory notes executed by her husband. The court held that the wife was not a party to the notes and that the breach of contract action brought by the plaintiff was without merit. The wife, as the successful party to the litigation, was granted attorney's fees and costs pursuant to Civil Code section 1717 because the plaintiff, in the underlying action, had sought to recover attorney's fees under the provisions of the promissory note contract. The court in ruling for the wife stated: "As the language of the statute expressly indicates, a party need not be a signatory to the contract in order to recover attorney's fees as the prevailing party—as such prevailing party he becomes entitled to fees 'whether he is the party specified in the contract *or not*.'" (*Id.* at p. 633; italics in original.)

This issue was also considered in *Care Constr., Inc.* v. *Century Convalescent Centers, Inc.* (1976) 54 Cal.App.3d 701 [126 Cal.Rptr. 761]. In *Care* the defendant was sued for breach of a lease contract and successfully defended its case on the theory that the lease was invalid. The court in awarding the defendant attorney's fees stated: "To summarize, we hold that where there is an action on a purported lease which contains a provision for attorney's fees for the lessor that the lessee is entitled to attorney's fees under Civil Code, section 1717, if he succeeds in defending on the theory that there was no valid or enforceable lease." (*Id.* at p. 707.)

The seminal case dealing with attorney's fees on contract causes of action is *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124 [158 Cal.Rptr. 1, 599 P.2d 83]. In that case the California Supreme Court held that "Section 1717 was enacted to establish mutuality of remedy where contractual provisions makes recovery of attorney's fees available for only one party." (At p. 128.) The court went on to state, "Its purposes require section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract *as if he were a party to it,* when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." (At p. 128.) (Italics added.)

The critical issue to be addressed in this case is whether or not the plaintiff, Bob Jones Realty, clearly would have been entitled to attorney's fees had it prevailed in enforcing the contract against the defendants Drains.

In considering the question of the clarity of the entitlement to attorney's fees we must decide whether this issue is to be resolved based upon the pleadings or based upon the evidence. We believe that the issue must turn on the pleadings.

The respondent's third cause of action against the appellants was for breach of a written contract containing an attorney's fees provision. The

appellants prevailed on this cause of action when their motion for summary judgment was granted and the respondent failed to appeal the ruling. Consequently, the appellants satisfied all of the elements set forth in Civil Code section 1717 for the recovery of attorney's fees.

The respondent argues there was no possibility that it could have recovered attorney's fees against the appellants because the respondent was not a party to or a beneficiary of the contract. This argument is disingenuous to say the least. The essence of the respondent's position is that its cause of action was so devoid of merit that there was no possibility that it ever could have prevailed. As a consequence, the respondent contends that there was no likelihood that it could ever obtain a judgment for breach of contract and as a result, it could never obtain an award of attorney's fees against the appellants. Given this scenario, the respondent asserts that the mutuality of attorney's fees provision of Civil Code section 1717 should not be involved.

The respondent cites several cases which it asserts supports its position. The first of these is *Canal-Randolph Anaheim, Inc.* v. *Wilkoski* (1978) 78 Cal.App.3d 477 [144 Cal.Rptr. 474]. In that case the court stated: "Moreover, even where a contractual provision for recovery of attorney fees is one-sided and Civil Code section 1717 applies, recovery of and liability for attorney fees is restricted to parties to the contract. (*Arnold* v. *Browne* (1972) 27 Cal.App.3d 386, 398 [103 Cal.Rptr. 775]; *Boliver* v. *Surety Co.* (1977) 72 Cal.App.3d Supp. at pp. 28-29 [140 Cal.Rptr. 259].) To the extent the decision in *Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625 [107 Cal.Rptr. 512], indicates the contrary, it is incorrect . . . ." (*Canal-Randolph Anaheim, Inc.* v. *Wilkoski, supra,* at p. 485.)

The respondent's reliance upon *Canal-Randolph* is misplaced. The *Canal-Randolph* court relied exclusively upon the *Arnold* and *Boliver* cases to support its proposition that one must be a party to the contract to recover attorney's fees under Civil Code section 1717. The *Arnold* case was expressly disapproved by the California Supreme Court in *Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d 124, 129. Furthermore, the *Reynolds* court also indorsed the holding of *Babcock* v. *Omansky* [citation.] which the *Canal-Randolph* court so vigorously disapproved. The language of *Reynolds* clearly indicates that the reasoning of *Babcock* is the correct analysis. "Had plaintiff prevailed on its cause of action claiming defendants were in fact the alter egos of the corporation [citation], defendants would have been liable on the notes. Since they would have been liable for attorney's fees pursuant to the fees provision had plaintiffs prevailed, they may recover attorney's fees pursuant to section 1717 now that they have prevailed." (*Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d 124, 129.)

The respondent relies heavily upon *Boliver* v. *Surety Co., supra,* 72 Cal.App.3d Supp. at page 22. This case rejects the *Babcock* analysis in favor of the *Arnold* v. *Browne, supra,* 27 Cal.App.3d 386. Given the Supreme Court's disapproval of *Arnold* and the adoption of *Babcock* in the *Reynolds* case, the *Boliver* holding provides little, if any, support for the respondent.

*Star Pacific Investments, Inc.* v. *Oro Hills Ranch, Inc.* (1981) 121 Cal.App.3d 447 [176 Cal.Rptr. 546] was also cited by respondent. The court in that case incorrectly adopted the position that recovery of attorney's fees under Civil Code section 1717 must be limited to the parties to the contract. This holding is in direct contradiction to the *Babcock* and *Reynolds* cases.

The respondent also places a great deal of reliance on *Saucedo* v. *Mercury Sav. & Loan Assn.* (1980) 111 Cal.App.3d 309 [168 Cal.Rptr. 552]. The *Saucedo* court erroneously attempts to draw a distinction between parties to the contract and parties to the litigation based on the contract. Nevertheless, the court in *Saucedo* reiterated an equitable estoppel theory first set forth in *Pas* v. *Hill* (1978) 87 Cal.App.3d 521 [151 Cal.Rptr. 98], which runs completely contrary to the respondent's position. The court stated, in concurring that the result in the *Babcock* case was correct, that "[t]he plaintiffs having alleged and attempted to prove the defendant wife was a party to the notes as a joint venturer and that she was liable under the notes' attorney fee provisions and having caused defendant wife to defend against such liability, were estopped to deny defendant wife was a party to the contract for the remedial purposes of Civil Code section 1717." (*Pas* v. *Hill, supra,* 87 Cal.App.3d at pp. 535-536.)

What the respondent ignores is that had it prevailed in its cause of action against the appellants it would have been entitled to attorney's fees. This issue became somewhat obscured in the trial court because of the fact that the respondent's case was so completely without merit. However, even though the respondent possessed no evidence to support its cause of action it was capable of alleging sufficient facts in its pleadings to force the appellants to wage a defense.

The courts have consistently held that the award of Civil Code section 1717 contractual attorney's fees is to be governed by equitable principles. (*International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031]; *Lewis* v. *Alpha Beta Co.* (1983) 141 Cal.App.3d 29 [189 Cal.Rptr. 840].) We believe that it is extraordinarily inequitable to deny a party who successfully defends an action on a contract, which claims attorney's fees, the right to recover its attorney's fees and

costs simply because the party initiating the case has filed a frivolous lawsuit. ▮ As a consequence, we find that a prevailing defendant sued for breach of contract containing an attorney's fees provision and having had to defend the contract cause of action is entitled to recover its own attorney's fees and costs therefor, even though the trial court finds no contract existed.

The judgment of the trial court in regards to attorneys' fees is reversed and remanded for a hearing to determine the appellants' attorneys' fees and costs.

Abbe, J., and Gilbert, J., concurred.

A petition for a rehearing was denied December 28, 1983, and respondent's petition for a hearing by the Supreme Court was denied February 16, 1984.