[No. B055788. Second Dist., Div. Six. Jan 2, 1992.]

ROBERT G. PILCHER et al., Plaintiffs and Respondents, v.
DENNIS B. WHEELER, JR., et al., Defendants and Appellants.

**COUNSEL**

Andre, Morris & Buttery, Dennis D. Law, Ogle & Merzon and James B. Merzon for Defendants and Appellants.

Stuart L. Baron for Plaintiffs and Respondents.

**OPINION**

**GILBERT, J.**—The defendants in an action alleging breach of a limited partnership agreement prevailed in the trial court, but the trial court denied their motion for attorney fees. The partnership agreement did not have a provision for attorney fees, but a construction contract entered into pursuant to the partnership agreement did.

On appeal of the order denying the motion for fees, the defendants contend the partnership agreement and construction contract should be read together (Civ. Code,[1] § 1642) or, in any event, the equitable principles stated in *Jones* v. *Drain* (1983) 149 Cal.App.3d 484 [196 Cal.Rptr. 827], compel an award of fees. We affirm.

FACTS

Robert G. and Lawanda Pilcher entered into a limited partnership agreement with Dennis B. Wheeler, Jr., and David Martindale. Wheeler and

---

[1]All further statutory references are to the Civil Code unless otherwise specified.

Martindale were the general partners, and the Pilchers were limited partners. The sole purpose of the partnership was to construct commercial condominium units on certain property in the Morro Bay area and to sell the units.

Article 17 of the agreement provided that "[t]he partnership shall enter into a contract with Wheeler Construction Co., Inc. for construction of 13,000 to 14,000 square feet of commercial condominium space." But the same article provided "[w]hile the parties anticipate entering into a contract with Wheeler Construction Co., Inc., the partnership may consider bids from third parties unrelated to WHEELER." The article also stated that the parties anticipated the cost of the construction would be approximately $390,000.

Article 21 of the agreement gave the general partners the sole and complete charge of the affairs of the partnership and the authority to employ independent contractors and to bind the partnership in all transactions involving the partnership's property or business affairs.

The partnership agreement contained no attorney fees clause.

All did not go smoothly for the partnership, and in April of 1988 the Pilchers filed a complaint naming Martindale, Wheeler and Wheeler Construction as defendants. The complaint was on a judicial council form and contained causes of action for breach of contract and fraud.

The breach of contract cause of action alleged that the Pilchers entered into an agreement with Wheeler and Martindale, and a copy of the partnership agreement was attached as an exhibit. The complaint further alleged that the partners breached their fiduciary duty to the Pilchers by entering into a contract with Wheeler Construction for approximately $476,492 instead of the agreed amount of approximately $390,000, and that the higher contract price allowed no possibility the Pilchers would obtain a profit. The Pilchers alleged they were unaware of the construction contract until the building had been substantially completed.

The cause of action for fraud alleged that Wheeler and Martindale represented they would build the project for $390,000 and that the Pilchers would profit by entering into the partnership agreement, but it was the defendants' intention to build the project for $100,000 to $150,000 more, and there was no realistic chance for the Pilchers to profit from their participation. The Pilchers further alleged the defendants knew the representations were false when they were made.

The complaint requested actual damages, punitive damages and attorney fees, but the complaint had no allegation that any contract contained a

provision for attorney fees. The only contract attached as an exhibit to the complaint was the limited partnership agreement.

Both sides to the dispute submitted trial briefs, but there was no request for attorney fees pursuant to section 1717 or a mention of a contractual provision for fees. The defendants, however, requested fees under Code of Civil Procedure section 128.5 as sanctions for bringing a frivolous lawsuit.

After a court trial, the judge rendered judgment for the defendants. Thereafter the defendants brought a motion for attorney fees under section 1717 on the ground that the construction contract contained an attorney fees clause. The trial court denied the motion and the defendants appeal.

DISCUSSION

I

Section 1717, subdivision (a) provides in part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

The problem is that the only contract the Pilchers signed, the limited partnership agreement, contains no attorney fees provision. The defendants claim, however, that the partnership agreement and the construction contract should be construed as a single agreement, and that the attorney fees provision in the construction contract should apply to an action on the partnership agreement. They rely on section 1642 which provides: "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."

But it is a question of fact whether multiple contracts are intended to be elements of a single transaction under section 1642. (*BMP Property Development* v. *Melvin* (1988) 198 Cal.App.3d 526, 531 [243 Cal.Rptr. 715].) Where, as here, the record is silent, we must presume the trial court found all facts necessary to support the order. (*Hochstein* v. *Romero* (1990) 219 Cal.App.3d 447, 451, fn. 4 [268 Cal.Rptr. 202].) Thus we must presume the trial court found the parties did not intend the partnership agreement and the construction contract to form a single transaction.

This finding is reasonable. At the time of the execution of the partnership agreement, the precise terms of the construction contract and even the

identity of the contractor were uncertain. Moreover, the partnership agreement gave the general partners the authority to negotiate the contract and to decide with whom the contract would be made. It was reasonable for the trial court to find the Pilchers did not intend to incorporate into their partnership agreement all the terms of a construction contract that was yet to be negotiated and over which they had little or no say.

The defendants' reliance on *Berg Metals Corp.* v. *Wilson* (1959) 170 Cal.App.2d 559 [339 P.2d 869], is misplaced. There the Court of Appeal, affirming the judgment of the trial court, stated that a guarantee agreement and a contract setting forth the terms of the obligation guaranteed were parts of a single transaction and were to be construed as one agreement. (*Id.*, at p. 567.) But the particular agreements in question in *Berg Metals* say little or nothing about what the parties intended concerning the agreements in question here. Whether the parties intended multiple contracts to constitute a single transaction must be decided on a case-by-case basis.

## II

As an alternative ground for reversing the trial court's order, the defendants contend attorney fees should have been awarded under the equitable principles found in *Jones* v. *Drain, supra*, 149 Cal.App.3d 484.

In *Jones*, plaintiff brought an action for breach of a contract containing an attorney fees provision. The trial court granted summary judgment in favor of defendants but refused to award them attorney fees. On appeal plaintiff argued no fees should be awarded because defendants were not parties to the contract, and there was no possibility plaintiff could have prevailed. We held, however, that the question of attorney fees should be decided on the pleadings (149 Cal.App.3d at p. 487) and that it would be inequitable to deny a party who successfully defends an action on a contract containing an attorney's fees clause the right to recover fees simply because the plaintiff filed a frivolous lawsuit (*id.*, at pp. 489-490).

But here the Pilchers did not allege that the construction contract had been breached. They alleged only that the partnership agreement had been breached. Unlike the contract in *Jones*, the partnership agreement contained no attorney fees clause. Thus, section 1717 could not apply because the action was not on a contract that specifically provides for attorney fees. It is true that the form complaint used here generally requests attorney fees, but there is nothing in the complaint that leads to the conclusion the request for fees was based on an express contractual provision.

The judgment (order denying attorney fees) is affirmed. Costs are awarded to respondents.

Stone (S. J.), P. J., and Yegan, J., concurred.