Filed 1/30/14  Rohde v. Clark CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KATHY ROHDE,<br><br>      Plaintiff and Appellant,<br><br>            v.<br>RICHARD CLARK,<br><br>      Defendant and Respondent. | F064642<br><br>(Super. Ct. No. VCU235217)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Donna M. Standard for Plaintiff and Appellant.

Horswill, Medero & Soares, Joseph F. Soares and Brandon M. Ormonde for Defendant and Respondent.

-ooOoo-

Plaintiff appeals from a postjudgment order awarding defendant[1] his attorney fees based on provisions found in the contract between the parties.  Plaintiff contends the award was inequitable because defendant breached the contract.  Defendant prevailed in

---

[1]     The term defendant, as used herein, refers to respondent.  Although there was a codefendant at trial, he is not a party to this appeal.

the trial court by establishing plaintiff's claim on the promissory note and second deed of trust was barred by the antideficiency statutes. We conclude the trial court properly awarded attorney fees to the prevailing defendant, even though he prevailed by establishing the contract was unenforceable. Accordingly, we affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff and defendant jointly purchased a residence. When their relationship ended, defendant agreed to pay plaintiff $165,000 for her interest in the property. He paid her $135,000 by check and gave her a promissory note secured by a second deed of trust for the remaining $30,000. Defendant refinanced the first trust deed on the property, which enabled him to pay plaintiff the $135,000. After four years, defendant defaulted on both the first deed of trust and plaintiff's second deed of trust. The holder of the first deed of trust gave notice, then held a trustee's sale at which it purchased the property for an amount insufficient to satisfy plaintiff's note. Plaintiff demanded payment from defendant, then filed suit for breach of contract when defendant failed to cure the default. Defendant moved for summary judgment in plaintiff's action against him, asserting plaintiff's second deed of trust was a purchase money mortgage and her action was barred by the antideficiency statute (Code of Civil Procedure, section 580b[2]). The trial court denied the motion, then permitted plaintiff to amend her complaint to allege fraud and other tort causes of action against defendant and the loan broker who assisted with the loan transaction. The matter proceeded to court trial, after which the court ruled in favor of defendants and against plaintiff, on the ground fraud and other torts had not been proven and the antideficiency statute barred the claim on the contract. Judgment was entered and defendant moved for an award of attorney's fees based on provisions for such fees in the promissory note and deed of trust. The trial court granted the motion and

---

**2** All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

awarded defendant $21,435 in attorney's fees.  Plaintiff appeals.  Her notice of appeal was untimely as to the judgment itself, so the only issue before this court is whether the trial court erred in making the award of attorney's fees.

## DISCUSSION

### I.      Standard of Review

"[T]o determine whether an award of attorney fees is warranted under a contractual attorney fees provision, the reviewing court will examine the applicable statutes and provisions of the contract.  Where extrinsic evidence has not been offered to interpret the [contract], and the facts are not in dispute, such review is conducted de novo.  [Citation.]  Thus, it is a discretionary trial court decision on the propriety or amount of statutory attorney fees to be awarded, but a determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo.  [Citation.]" (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.)  Plaintiff does not challenge the amount of attorney fees awarded; rather, she contests defendant's entitlement to any award of attorney fees.  Consequently, our review is de novo.

### II.     Attorney Fees

"California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees." (*Trope v. Katz* (1995) 11 Cal.4th 274, 278 (*Trope*); § 1021.)  There are exceptions to this general rule, including "when there is an 'agreement, express or implied, of the parties' that allocates attorney fees." (*Id*. at p. 279, citing § 1021.)  Attorney fees are recoverable as costs when authorized by statute, contract, or law.  (§ 1033.5, subd. (a)(10).)  When so authorized, they may be recovered as a matter of right by the prevailing party in the action.  (§ 1032, subd. (b).)

"Although Code of Civil Procedure section 1021 gives individuals a rather broad right to 'contract out' of the American rule by executing … an agreement [that allocates

3

attorney fees], these arrangements are subject to the restrictions and conditions of [Civil Code] section 1717 in cases to which that provision applies." (*Trope, supra*, 11 Cal.4th at p. 279.) Civil Code section 1717 provides:

> "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Civ. Code, § 1717, subd. (a).)

There is no dispute that there was an attorney fee provision in the contract in issue; both the promissory note and the second deed of trust contained language governing attorney fees. The most direct provision is found in paragraph 14 of the deed of trust, which provides: "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." Although the provision expressly authorizes only the lender to recover attorney fees, Civil Code section 1717 makes that provision reciprocal. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610-611 (*Santisas*).) Thus, the prevailing party is entitled to attorney fees, whether the lender or the borrower prevails.

The term "prevailing party" is defined to include "a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." (§ 1032, subd. (a)(4).) Neither party obtained any relief, and plaintiff did not recover any relief against defendant. Consequently, defendant was the prevailing party on the contract, and was entitled to his attorney fees.

A prevailing defendant may be entitled to an award of attorney fees even when that defendant successfully defends a contract action by establishing the contract containing the attorney fees provision was invalid or unenforceable.

> "[Civil Code]section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, … when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation 'by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract.' [Citation.] Because these arguments are inconsistent with a contractual claim for attorney fees under the same agreement, a party prevailing on any of these bases usually cannot claim attorney fees as a contractual right. If section 1717 did not apply in this situation, the right to attorney fees would be effectively unilateral—regardless of the reciprocal wording of the attorney fee provision allowing attorney fees to the prevailing attorney—because only the party seeking to affirm and enforce the agreement could invoke its attorney fee provision. To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed. [Citations.]" *Santisas, supra*, 17 Cal.4th at p. 611.)

Plaintiff sought an award of attorney fees in her complaint and first amended complaint. She does not dispute that she would have been entitled to an award of attorney fees if she had prevailed on her complaint. Defendant prevailed on plaintiff's contract claim by establishing the contract was unenforceable because enforcement was barred by the antideficiency statute.[3] Thus, defendant was entitled to an award of attorney fees as the prevailing party even though he prevailed by establishing the contract was not enforceable.

---

[3] Section 580b, the antideficiency statute invoked by defendant, provides that no deficiency judgment may be recovered under a deed of trust on a dwelling, which is given to a lender to secure repayment of a purchase money loan.

Plaintiff states that an award of contractual attorney fees under Civil Code section 1717 is to be governed by equitable principles, and asserts that defendant should not be awarded attorney fees, because it is inequitable to award fees to a defendant who breached the contract by failing to make payments as required. Her argument is answered by one of the cases she cites in support of her argument for application of equitable principles to awards of contractual attorney fees. In *North Associates v. Bell* (1986) 184 Cal.App.3d 860 (*Bell*), the defendant argued that appellate decisions had applied Civil Code section 1717's mutuality provisions to award attorney fees to prevailing parties when the contract containing the attorney fees provision was unenforceable, but only when the party with superior bargaining power had inserted a one-sided attorney fees provision into the contract. The court responded:

> "Bell's argument misconstrues the actual rationale of the cited cases. They are based not on the question of whether the language of a given attorney fees provision is or is not reciprocal, but on the fundamental purpose of section 1717 to insure mutuality of a prevailing party's access to an award of attorney fees. As long as an action 'involves' a contract, and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit, the other party should also be entitled to attorney fees if it prevails, even if it does so by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract. [Citations.] As stated in *Jones v. Drain* [(1983) 149 Cal.App.3d 484, 489-490]: 'The courts have consistently held that the award of Civil Code section 1717 contractual attorney's fees is to be governed by equitable principles. [Citations.] *We believe that it is extraordinarily inequitable to deny a party who successfully defends an action on a contract, which claims attorney's fees, the right to recover its attorney's fees and costs simply because the party initiating the case has filed a frivolous lawsuit.* As a consequence, we find that a prevailing defendant sued for breach of contract containing an attorney's fees provisions and having had to defend the contract cause of action is entitled to recover its own attorney's fees and costs therefor, even though the trial court finds no contract existed.'" (*Bell, supra*, 184 Cal.App.3d at p. 865, italics added.)

Plaintiff argues that the party trying to enforce a contract should be required to comply with it before being allowed to enforce it. It was plaintiff, however, not defendant, who sought to enforce the contract. Defendant defeated plaintiff's action by establishing that enforcement of the contract was barred. As discussed in *Bell*, it would be inequitable not to permit defendant to recover attorney fees after he prevailed at trial, simply because he prevailed by showing the contract was unenforceable and plaintiff's action was therefore without merit.

The award of attorney fees compensates the prevailing defendant for the expense of defending against a meritless action. Regardless whether defendant failed to make payments on the promissory note as required by that note, plaintiff was not entitled to a judgment for the unpaid balance after the trustee's sale by the first trust deed holder. Her claim was barred by the antideficiency statute. Plaintiff's action was without merit and, under the contract and Civil Code section 1717, defendant was entitled to recover the amount he expended or incurred for attorney fees to defend himself in this action. The trial court did not err in awarding defendant attorney fees.

## *DISPOSITION*

The postjudgment order awarding defendant attorney fees is affirmed. Defendant is entitled to his costs on appeal.

                                  _____

                                              HILL, P. J.

WE CONCUR:


_____

CORNELL, J.


_____

GOMES, J.