# United States Court of Appeals for the Federal Circuit

04-1429, -1608

INTERNATIONAL RECTIFIER CORPORATION,

Plaintiff-Appellee,

v.

SAMSUNG ELECTRONICS CO., LTD.
and SAMSUNG SEMICONDUCTOR, INC.,

Defendants-Appellants,

and

IXYS CORPORATION,

Defendant-Appellant.

Glenn W. Trost, Coudert Brothers LLP, of Los Angeles, California, argued for plaintiff-appellee. Of counsel on the brief was David E. Killough, Vinson & Elkins L.L.P., of Austin, Texas.

Stanley J. Panikowski, DLA Piper Rudnick Gray Cary US LLP, of San Diego, California, argued for defendants-appellants Samsung Electronics Co., Ltd., et al. With him on the brief were Mark D. Fowler and Michael G. Schwartz, of East Palo Alto, California.

Roger L. Cook, Townsend and Townsend and Crew LLP, of San Francisco, California, argued for defendant-appellant Ixys Corporation. With him on the brief were Eric P. Jacobs and Nancy L. Tompkins.

Appealed from: United States District Court for the Central District of California

Judge Manuel L. Real

# United States Court of Appeals for the Federal Circuit

04-1429, -1608

INTERNATIONAL RECTIFIER CORPORATION,

Plaintiff-Appellee,

v.

SAMSUNG ELECTRONICS CO., LTD.
and SAMSUNG SEMICONDUCTOR, INC.,

Defendants-Appellants,

and

IXYS CORPORATION,

Defendant-Appellant.

_____

DECIDED: September 23, 2005

_____

Before LOURIE, LINN, and PROST, <u>Circuit Judges</u>.

LINN, <u>Circuit Judge</u>.

Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. (collectively, "Samsung") and Ixys Corp. ("Ixys") separately appeal from the United States District Court for the Central District of California's orders granting Samsung a reduced attorney fee award and denying Ixys attorney fees. <u>Int'l Rectifier Corp. v. Samsung Semiconductor, Inc.</u>, No. CV98-433-R (C.D. Cal. Aug. 4, 2004); <u>Int'l Rectifier Corp. v. Samsung Semiconductor, Inc.</u>, No. CV98-433-R (C.D. Cal. May 26, 2004).  Because

the district court abused its discretion in reducing Samsung's fee request, we vacate the district court's award of fees to Samsung and remand for additional proceedings consistent with this opinion. Because the district court abused its discretion in denying Ixys's fee request, we reverse the district court's denial of fees to Ixys and remand for additional proceedings consistent with this opinion.

## I. BACKGROUND

The present appeal stems from a contempt proceeding initiated by International Rectifier Corp. ("IR") brought in the United States District Court for the Central District of California ("district court"). The contempt proceeding was based on alleged violations of a permanent injunction entered pursuant to a consent judgment between IR and Samsung as a result of a separate litigation. The contempt proceeding was previously before this court in an appeal by Samsung of the district court's order holding Samsung in contempt and in an appeal by Ixys of the district court's denial of Ixys's motion to clarify, vacate, or modify the permanent injunction. Both appeals were heard on the same day and addressed in a single opinion of this court. Int'l Rectifier Corp. v. Samsung Elecs. Co., 361 F.3d 1355 (Fed. Cir. 2004). In those appeals, we reversed the district court's judgment holding Samsung in contempt and held that there was no evidence to support the conclusion that Ixys was aiding, abetting, or otherwise acting in active concert or participation with Samsung. Id. This court's opinion in those appeals recite in detail the underlying facts, which will not be repeated here.

The present appeals involve both Samsung's and Ixys's separate motions for attorney fees following our remand in the prior appeals. Following that remand, Samsung filed a motion in the district court seeking, after amendments to include

attorney fees incurred in preparing the motion, $1,276,450 in attorney fees and $96,257.10 in costs. IR opposed Samsung's motion, arguing that the district court was free to deny the motion based on Samsung's alleged misconduct in conspiring to violate the injunction. IR also argued that Samsung's fee request was excessive and unreasonable. The district court awarded Samsung $650,000 in attorney fees and $45,000 in costs, noting that the case "has been terribly over-lawyered" and that "SAMSUNG took no risk in defending this matter." Int'l Rectifier Corp. v. Samsung Semiconductor, Inc., No. CV98-433-R (C.D. Cal. Aug. 4, 2004) ("Samsung Order").

Ixys also moved for attorney fees and costs following this court's remand in the prior appeal. The district court denied Ixys's motion in its entirety. Int'l Rectifier Corp. v. Samsung Semiconductor, Inc., No. CV98-433-R (C.D. Cal. May 26, 2004) ("Ixys Order"). The district court first held that Ixys's motion was untimely. Next, the district court held that Ixys did not contribute substantially to the resolution of the issues such that it could not recover attorney fees as an intervenor. Third, the district court held that Ixys could not recover under 35 U.S.C. § 285 because IR acted in good faith in bringing suit. Fourth, the district court found that Ixys's conduct was wrongful and thus would preclude an award of attorney fees in any event. Finally, the district court held that the consent judgment providing for attorney fees to the prevailing party in any litigation could not benefit Ixys who was not a party to the agreement.

Samsung and Ixys separately appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A. Standard of Review

Initially, the parties dispute whether Federal Circuit law or regional circuit law applies to the issue of an attorney fee award pursuant to a provision of the consent judgment. Samsung argues that the law of the regional circuit applies because interpretation of an attorney fee provision in a consent judgment is not unique to patent law, citing Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1349 (Fed. Cir. 2002). IR argues that Deprenyl Animal Health is not relevant to this case because Deprenyl Animal Health involved interpretation of an arbitration clause rather than an attorney fee provision. IR cites Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1299 (Fed. Cir. 2004), for the proposition that this court applies its own law to awards of attorney fees. Although Deprenyl Animal Health was concerned with whether Federal Circuit law or regional circuit law applied to the scope of an arbitration clause in a patent license agreement, in Flex-Foot, Inc. v. CRP, Inc., 238 F.3d 1362, 1365-66 (Fed. Cir. 2001), this court held that regional circuit law and state law applied to a challenge to an award of arbitration fees pursuant to a settlement agreement providing for arbitration of infringement disputes. IR's argument that Q-Pharma broadly holds that all attorney fee awards are reviewed under Federal Circuit law is without merit because Q-Pharma was only concerned with an award under 35 U.S.C. § 285. 360 F.3d at 1299. Thus, we conclude that, like the arbitration fee award in Flex-Foot, the award of attorney fees pursuant to a consent judgment provision is subject to regional circuit law and state law, if relevant. In this case, both Ninth Circuit and California law are applicable.

The Ninth Circuit reviews an award of attorney fees for an abuse of discretion. <u>Roy Allan Slurry Seal v. Laborers Int'l Union of N. Am. Highway & St. Stripers/Road & St. Slurry Local Union 1184, AFL-CIO</u>, 241 F.3d 1142, 1145 (9th Cir. 2001). Underlying facts are reviewed for clear error, and underlying legal conclusions are reviewed <u>de novo</u>. <u>Id.</u> An award of attorney fees under 35 U.S.C. § 285 is governed by Federal Circuit precedent. <u>Q-Pharma</u>, 360 F.3d at 1299. We review a denial of attorney fees under section 285 for an abuse of discretion and any findings of fact underlying that determination for clear error. <u>Id.</u>

B. Analysis

1. Samsung's Appeal

Samsung argues that the district court's reduced fee award was an abuse of discretion for several reasons. First, Samsung contends that it met its burden of proving that the full amount of its request was reasonable but that IR failed to present any evidence to rebut its proof. Second, Samsung argues that IR's comparison, before the district court, of its fees in the contempt proceeding to Samsung's fee request was inappropriate because IR was able to use a substantial amount of material from its separate infringement litigation against Ixys in the contempt proceeding. Finally, Samsung contends both that the district court's stated factual basis for reducing the award is legally insufficient and that the findings that the district court articulated for reducing the award are clearly erroneous.

IR argues that the narrow scope of the contempt proceeding before the district court and the fact that it spent less than $500,000 on the contempt proceeding both indicate the reasonableness of the district court's reduction. IR additionally argues that

04-1429, -1608                         5

it pointed to specific entries that were unreasonable and that the district court has the inherent power to scrutinize fee requests even if no contrary evidence is presented. IR also argues that the facts cited by the district court for the reduction are legally sufficient and that those findings are not clearly erroneous.

Samsung's fee request was pursuant to an attorney fee provision in the consent judgment. The consent judgment expressly states that it is governed by federal law and California state law. Therefore, we will apply Ninth Circuit law and California state law to this question. Because we conclude that the district court did not adequately explain its reduction of Samsung's fee request, we need not reach Samsung's additional arguments. However, because the district court's fact findings are very likely to be the basis for a decision on remand, we address Samsung's arguments that the district court's fact findings are clearly erroneous.

The Supreme Court has made clear that although district courts have discretion in determining the amount of a fee award, "[i]t remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Ninth Circuit has explained that "decisions of district courts employing percentages in cases involving large fee requests are subject to heightened scrutiny." Gates v. Deukmejian, 987 F.2d 1392, 1400 (9th Cir. 1993). In Gates, the Ninth Circuit held that a district court employing a 10% reduction in a fee award based on some duplication of effort was an abuse of discretion. Id. at 1400. The court held that the district court failed to provide the "concise but clear" explanation of its fee reduction, despite an explanation that was more focused and clear than the district court's in this case. Based on Gates, we conclude that without such an

explanation of the district court's fee reduction, "we are unable to assess whether the court abused that discretion." Id. Thus, we vacate the fee award and remand for a concise but clear explanation of how the district court arrived at its fee reduction.

Addressing Samsung's additional argument that the district court's previous findings on the fee award are clearly erroneous, Samsung first argues that the district court's conclusion that it bore no risk in defending this lawsuit is clearly erroneous. IR counters that the district court simply meant that Samsung had no reason to be efficient in the quantity of legal effort expended on its defense because Ixys was required to reimburse it for its attorney fees in defending this action. The question the district court had to consider was whether Samsung's fee request was reasonable. Whether Samsung had an incentive to minimize costs may be probative of whether Samsung's fee request was reasonable, but such a general finding cannot substitute for specific findings of unreasonable fees. Thus, to the extent the district court meant what IR suggests that it meant, its finding is inadequate to support a fee reduction. To the extent that the district court meant that Samsung bore no risk in general, the district court's finding overlooks at least the fact that Samsung stood to lose its business relationship with Ixys. Moreover it directly conflicts with the district court's finding to the contrary in rejecting Ixys's motion for attorney fees. In rejecting Ixys's motion, the district court said, "Samsung had every incentive to minimize the sanction . . . ." Ixys Order at 3. Because Ixys was liable to Samsung for both the sanction and Samsung's attorney fees, the district court's findings that Samsung bore no risk with respect to attorney fees and yet had every incentive to minimize the sanction cannot both be correct. Samsung bore some risk for both the sanction and attorney fees because there

was always at least some risk that Ixys could not or would not pay. We vacate the district court's findings to the contrary. Although Samsung's risk may have been limited, that by itself is an insufficient basis for reducing the attorney fee award.

Samsung additionally argues that the district court's finding that the case was "terribly over-lawyered" is clearly erroneous. Again, the district court failed to make any specific findings to support this conclusion. Because the basis for this finding is unclear, we vacate this finding and remand along with the fee reduction for a concise but clear explanation of any findings that the district court relies on in reducing Samsung's fee request.

## 2. Ixys's Appeal

First, Ixys argues that its motion for attorney fees was timely. IR responds that the district court's October 15, 2002 judgment holding Samsung in contempt but not mentioning Ixys made Ixys a prevailing party, such that Ixys's motion for attorney fees in April 2004 was outside the 14-day time period and thus was untimely. The district court did not explain its rationale for concluding that Ixys's motion for attorney fees was untimely. Although IR argues that Ixys was a prevailing party as of the October 15, 2002 judgment holding Samsung in contempt, that judgment did not mention, nor did it dispose of, IR's claim against Ixys. It is difficult to imagine how a judgment that does not mention a party or a claim asserted against a party can be considered a final resolution of the claim against that party. Ixys properly could not be considered a prevailing party prior to this court's March 18, 2004 judgment reversing the district court's holding of contempt against Samsung and reversing the denial of Ixys' motion to clarify, vacate, or modify the injunction. Int'l Rectifier, 361 F.3d at 1362 ("[R]egardless

04-1429, -1608                                          8

of Samsung's activities, which we have concluded do not invoke liability in any case, IXYS, as a non-party, cannot be bound by the Permanent Injunction."). Thus, Ixys's motion for attorney fees was not untimely. The district court's denial of attorney fees on this basis was an abuse of discretion.

Next, Ixys challenges the district court's finding that its intervention in the district court's determination of an appropriate sanction against Samsung was "purely voluntary." Ixys additionally challenges the district court's finding that it did not substantially contribute to the resolution of the issues in this case and the legal effect that the district court gives that finding. IR responds that intervenors must show some special contribution to the resolution of the issues to entitle them to an award of attorney fees. As we noted supra, Ixys is a prevailing party, if at all, by virtue of this court's March 18, 2004 judgment reversing the district court's judgment of contempt. Thus, to the extent the district court precluded Ixys from recovering attorney fees based on Ixys's allegedly voluntary participation in the determination of an appropriate sanction against Samsung, the district court abused its discretion. The determination of an appropriate sanction for Samsung was only part of the litigation and was the only part in which Ixys could even arguably be said to have "voluntarily" participated. Even if Ixys's participation in that portion of the litigation was voluntary, an award of attorney fees would not be precluded. The district court abused its discretion in denying Ixys's entire fee request on this basis.

We consider the determination of the reasonableness of a fee award pursuant to a consent judgment entered by a federal district court as a question of federal law. To the extent that Ixys's fee request is based on time as an intervenor, that portion of the

fee request is subject to special scrutiny to ensure that hours reimbursed were not redundant or unnecessary. Equal Employment Opportunity Comm'n v. Clear Lake Dodge, 60 F.3d 1146, 1153-54 (5th Cir. 1995). However, the mere fact that a party voluntarily intervened does not preclude an award of attorney fees. See id.; see also Seattle Sch. Dist. No. 1 v. Washington, 633 F.2d 1338, 1349-50 (9th Cir. 1980) ("To retrospectively deny attorney's fees because an issue is not considered or because a party's participation proves unnecessary would have the effect of discouraging the intervention of what in future cases may be essential parties."); cf. Donnell v. United States, 682 F.2d 240, 247-48 (D.C. Cir. 1982) ("If a lawsuit is successful, but the intervenor contributed little or nothing of substance in producing that outcome, then fees should not be awarded."). Thus, the district court's conclusion that a recovery was precluded because Ixys voluntarily participated was an abuse of discretion.

The district court also concluded that "IXYS did not substantially contribute to the resolution of the issues in this case during its participation as an intervenor." Ixys Order at 3. Ixys challenges that finding, arguing that it was responsible for the district court's reduction in sanctions based on the fact that IR was seeking a double recovery. IR responds that Ixys is incorrect because the district court attributed the argument to Samsung. That, however, does not answer the question of which party was responsible for the argument. This court is unable to find facts in the first instance on appeal. Because the district court made no findings to substantiate its conclusion that Ixys did not substantially contribute to the resolution of the sanctions issues, we vacate that finding and remand for the district court to make fact findings in the first instance.

Ixys's third argument is that the district court clearly erred in relying on its previously vacated finding that Ixys and Samsung agreed to subvert the injunction. We agree. The district court noted that "[w]hile the Federal Circuit concluded that IXYS and Samsung could not be punished in contempt for that decision [to maintain business as usual], such conduct is hardly to be encouraged. It would be inequitable under the circumstances to make an award of fees in favor of IXYS." Id. at 5. In the previous appeal to this court, we first held that there was no legal basis for the district court's theory of infringement and then said, "even if a legal basis were apparent, the district court's finding of an agreement to subvert the injunction is not supported by any evidence, let alone the clear and convincing evidence required in a contempt proceeding." Int'l Rectifier, 361 F.3d at 1361. The district court was not free to disregard these holdings. Thus, the district court's conclusion that Ixys's conduct justified a denial of attorney fees was an abuse of discretion.

Ixys next argues that the district court erroneously concluded that Ixys was not entitled to an attorney fee award pursuant to paragraph 7 of the consent judgment between Samsung and IR and pursuant to 35 U.S.C. § 285. IR argues that Ixys is not entitled to attorney fees under the consent judgment because it was not a party to that agreement and that the district court did not abuse its discretion in denying a fee award under 35 U.S.C. § 285. First, Ixys argues that under California law it is entitled to an award of attorney fees pursuant to the consent judgment if attorney fees could be awarded against it pursuant to the consent judgment. California state law is relevant to the interpretation of the substantive provisions of the consent judgment. Cf. Reed v.

Callahan, 884 F.2d 1180, 1185 (9th Cir. 1989). California Civil Code section 1717(a) provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

In Babcock v. Omansky, 31 Cal. App. 3d 625 (2d Dist. 1973), cited by Ixys, the wife (Bertha) of a party to four promissory notes was sued on the notes as a joint venturer and partner with her husband, as well as his agent and employee. Her husband was sued on the notes as a separate defendant. The trial court issued an order of nonsuit with respect to this claim against Bertha, and Bertha, in turn, sought attorney fees based upon an attorney fee provision in the promissory notes. In reversing the trial court's denial of attorney fees, the California appellate court said, "It seems clear, by virtue of the above, that plaintiffs were thus seeking recovery on the notes; having won an order of nonsuit as to this tenth cause of action, Bertha was the 'prevailing party' and entitled to attorney's fees under section 1717." Id. at 633.

Although Babcock was rejected by other appellate courts in California, the California Supreme Court cited it approvingly in Reynolds Metals Co. v. Alperson, 599 P.2d 83 (Cal. 1979). Reynolds Metals involved a suit against directors and shareholders of two bankrupt corporations on two promissory notes on the theory that the two bankrupt corporations were merely alter egos of the directors and shareholders. The trial court rejected the alter ego theory and awarded the directors and shareholders attorney fees. In affirming the trial court's holding that the directors and shareholders were entitled to attorney fees, the California Supreme Court said, "Its purposes require

section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." Id. at 85. The court then explained, "[s]ince [defendants] would have been liable for attorney's fees pursuant to the fees provision had plaintiff prevailed, they may recover attorney's fees pursuant to section 1717 now that they have prevailed." Id. at 86.

A more recent decision of the California Supreme Court has provided an even broader formulation. In Santisas v. Goodin, 951 P.2d 399, 406-07 (Cal. 1998), the California Supreme Court noted that section 1717 applies in two situations. The first situation is when a contract provides a right to attorney fees to one party but not the other. The second situation described by the court "is when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract." Id. at 406 (quotation marks and citation omitted). The court explained,

> If section 1717 did not apply in this situation, the right to attorney fees would be effectively unilateral—regardless of the reciprocal wording of the attorney fee provision allowing attorney fees to the prevailing attorney— because only the party seeking to affirm and enforce the agreement could invoke its attorney fee provision. To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed.

Id. at 406-07. We conclude based on these decisions of the California Supreme Court that if IR would have been entitled to attorney fees against Ixys if it prevailed, Ixys is

entitled to claim attorney fees against IR based on the agreement. Because IR sued Ixys for a violation of the injunction contained within the consent judgment as if Ixys were a party to that consent judgment, we conclude that California law entitles Ixys to the reciprocal remedy of attorney fees in this case. If IR had prevailed in its assertions that Ixys was violating that consent judgment by aiding and abetting Samsung, IR would have been entitled to assert a claim for attorney fees against Ixys in much the same way as the alleged "coventurer or partner" in Babcock or the shareholders and directors who allegedly used the corporation as their alter egos in Reynolds. See Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 877 F.2d 787 (9th Cir. 1989) (affirming district court's order in contempt proceeding holding nonparties jointly and severally liable with parties for plaintiffs' attorney fees); see also Peterson v. Highland Music, Inc., 140 F.3d 1313, 1323 (9th Cir. 1998) ("'[T]o be held liable in contempt, it is necessary that a non-party respondent must either abet the defendant [in violating the court's order] or be legally identified with him' and that the non-party have notice of the order." (quoting NLRB v. Sequoia Dist. Council of Carpenters, AFL-CIO, 568 F.2d 628, 633 (9th Cir. 1977) (quotation marks and citation omitted))). Thus, we reverse the district court's denial of fees pursuant to the consent judgment.

Because Ixys is entitled to attorney fees under the consent judgment, we need not address Ixys's additional arguments regarding 35 U.S.C. § 285. Ixys also argues that we should hold that its attorney fee request was reasonable. However, the award of reasonable attorney fees in the first instance is for the district court, not this court. See Gerling Global Reinsurance Corp. of Am. v. Garamendi, 400 F.3d 803, 811 (9th Cir. 2005) (reversing the district court's denial of fees and remanding "this case to the

district court with instructions to exercise its discretion to determine a reasonable amount of attorney's fees").

Finally, in the event of a remand, Ixys requests that this court remand to a different judge. Ixys argues that Judge Real's repeated characterizations of its conduct with Samsung as being somehow wrongful and not to be encouraged even though not legally sanctionable, combined with its repeated rulings in IR's favor, warrant reassignment. IR argues that no cause exists for such a reassignment and that a reassignment would be wasteful of judicial resources. Remands to different district court judges are exceedingly rare. In re Yagman, 796 F.2d 1165, 1188 (9th Cir. 1986). In evaluating such a request for relief, the Ninth Circuit considers:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1224 (9th Cir. 1990) (quoting Davis & Cox v. Summa Corp., 751 F.2d 1507, 1523 (9th Cir. 1985) (citation omitted)). The cases in which such relief has been granted reflect rare and compelling circumstances. See, e.g., United States v. Jacobs, 855 F.2d 652, 656-57 (9th Cir. 1988) (describing the district court's conduct in improperly dismissing a case and refusing to reassemble the jury when the error was discovered two minutes later along with other egregious conduct); Yagman, 796 F.2d at 1187-88 (describing district court's improper award of $250,000 sanction against counsel based on his "total conduct" without specifying specific infractions). Given the extremely high threshold, we do not think reassignment is appropriate in this case. On remand, we are confident that Judge Real can put aside

any conviction that Ixys's conduct was somehow wrongful even if not legally sanctionable in considering an appropriate award of attorney fees to both Samsung and Ixys.

## III. CONCLUSION

Because the district court abused its discretion in reducing Samsung's fee request without an adequate explanation, we vacate the district court's order and remand for a concise but clear explanation of the basis for the district court's award that is consistent with our review of the district court's previous findings of fact. Additionally, because the district court abused its discretion in denying Ixys's fee request, we reverse the district court's denial of fees and remand for additional proceedings that must take into account our review of the district court's bases underlying its previous denial of fees to Ixys.

<u>VACATED-IN-PART, REVERSED-IN-PART, AND REMANDED</u>

COSTS

Costs are assessed against IR.