NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1585, -1594,-1619

INTERNATIONAL RECTIFIER CORPORATION,

Plaintiff-Appellee,

v.

SAMSUNG ELECTRONICS CO., LTD.
and SAMSUNG SEMICONDUCTOR, INC.,

Defendants-Appellants,

and

IXYS CORPORATION,

Defendant-Appellant

Nancy C. Morgan, White & Case, LLP, of Los Angeles, California, argued for plaintiff-appellee. With her on the brief was Glenn W. Trost. Of counsel on the brief was David E. Killough, Vinson & Elkins L.L.P., of Austin, Texas.

Roger L. Cook, Townsend and Townsend and Crew LLP, of San Francisco, California, argued for all defendants-appellants. With him on the brief for defendant-appellant Ixys Corporation were Eric P. Jacobs, Nancy L. Tompkins, and Tali L. Alban. Joining in the brief for defendants-appellants, Samsungs Electronics Co., Ltd, et al, were Mark Fowler, Michael G. Schwartz, and Stanley J. Panikowski, DLA Piper US LLP, of East Palo Alto, California.

Appealed from: United States District Court for the Central District of California

Judge Manuel L. Real

# United States Court of Appeals for the Federal Circuit

2006-1585, -1594, -1619

INTERNATIONAL RECTIFIER CORPORATION,

Plaintiff-Appellee,

v.

SAMSUNG ELECTRONICS CO., LTD.
and SAMSUNG SEMICONDUCTOR, INC.,

Defendants-Appellants,

and

IXYS CORPORATION,

Defendant-Appellant.

—————————————————

DECIDED: June 21, 2007

—————————————————

Before GAJARSA, LINN, and PROST, Circuit Judges.

LINN, Circuit Judge.

Samsung Electronics Co. Ltd. and Samsung Semiconductor, Inc. (collectively "Samsung") and IXYS Corporation ("IXYS") appeal from a final order of the United States District Court for the Central District of California granting Samsung and IXYS a reduced attorney fee award. Int'l Rectifier Corp. v. Samsung Semiconductor, Inc., No. CV-98-0433-R (C.D. Cal. July 18, 2006) ("Fee Order II"). Because the district court did not provide a "concise but clear" explanation of the fee award, we are unable to assess

whether the court abused its discretion. We therefore <u>vacate</u> the district court's order and <u>remand</u> with an instruction that the case be reassigned to a different district court judge.

## I. BACKGROUND

This case stems from a contempt proceeding initiated by International Rectifier Corp. ("IR") based on alleged violations of a permanent injunction granted pursuant to a consent judgment between IR and Samsung in a separate litigation. On appeal to this court, we reversed the district court's judgment holding Samsung and IXYS in contempt. <u>See</u> <u>Int'l Rectifier Corp. v. Samsung Elecs. Co.</u>, 361 F.3d 1355 (Fed. Cir. 2004) ("<u>IR I</u>"). Following that reversal, Samsung and IXYS each filed motions for attorney fees based on both 28 U.S.C. § 285 and a provision in the consent decree that awarded attorney fees to the prevailing party. The district court reduced Samsung's request for $1,276,450 in attorney fees and $96,257.10 in costs to an award of $650,000 in attorney fees and $45,000 in costs, noting that the case had been "terribly overlawyered" and that Samsung "took no risk in defending this matter." <u>See</u> <u>Int'l Rectifier Corp. v. Samsung Semiconductor, Inc.</u>, No. CV-98-433-R (C.D. Cal. Aug. 4, 2004) ("<u>Samsung Fee Order</u>"). The district court denied IXYS's motion in its entirety because (1) the motion was untimely; (2) IXYS's participation in the lawsuit was voluntary and provided no substantial contribution to the resolution of the issues; (3) IXYS's conduct was wrongful; and (4) the attorney fee provision in the consent judgment was not available to IXYS because it was not a party to the settlement agreement. <u>Int'l Rectifier Corp. v. Samsung Semiconductor, Inc.</u>, No. CV-98-433-R (C.D. Cal. May 26, 2004) ("<u>IXYS Fee Order</u>").

Samsung and IXYS separately appealed. With respect to the <u>Samsung Fee Order</u>, we noted that although district courts have discretion in determining the amount of a fee award, a district court must nevertheless provide a "concise but clear" explanation of its reasons for the fee award. <u>Int'l Rectifier Corp. v. Samsung Elecs. Co.</u>, 424 F.3d 1235, 1239 (Fed. Cir. 2005) ("<u>IR II</u>") (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983)). We concluded that the district court's failure to provide any explanation as to how it arrived at the fee award for Samsung left us "unable to assess whether the court abused that discretion." <u>Id.</u> (quoting <u>Gates v. Deukmajian</u>, 987 F.2d 1392, 1400 (9th Cir. 1993)). Accordingly, we vacated the <u>Samsung Fee Order</u> and remanded "for a concise but clear explanation of how the district court arrived at its fee reduction." <u>Id.</u>

With respect to the <u>IXYS Fee Order</u>, we reversed the district court's denial of attorney fees. <u>IR II</u>, 424 F.3d at 1243. In doing so, we held that, among other things, the district court was not free to disregard our holding in <u>IR I</u> that IXYS's conduct was not wrongful, <u>id.</u> at 1241–42, and that California law provided that IXYS could collect attorney fees according to the consent judgment provision, <u>id.</u> at 1242–43 (citing Cal. Civ. Code § 1717(a)). Although IXYS requested that we remand the case to a different judge, we concluded that reassignment was not appropriate in that case and remanded to the same judge for additional proceedings consistent with our opinion. <u>Id.</u> at 1244.

On remand, Samsung and IXYS filed renewed motions for fees and costs, requesting $1,4161,664.10 and $1,282,867.28 respectively. The district court again determined that "the Samsung defense was terribly overlawyered" and cited numerous examples of what the court found to be unreasonable or excessive expenses. <u>Fee</u>

*Order II*, slip op. at 2–5. The district court then concluded that "$650,000 was a reasonable attorney's fees for Samsung, considering all the relevant factors," and awarded Samsung $650,000 of its requested fees and $45,000 of its requested costs. Id., slip op. at 5. As for IXYS, the district court found that "its only significant role was producing a central argument to reduce Samsung's contempt sanction," and that IXYS did not provide any legal authority to justify its request for $48,000 in fees spent opposing IR's petition for certiorari following our decision in IR II. Id. Without any further discussion, the district court awarded IXYS $301,125.17 in fees and costs. Id.

Samsung and IXYS appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

We are confronted again with the same issue we faced in IR II; namely, we are tasked to review an award of attorney fees without any explanation as to how the district court arrived at the amount it awarded. We recognize that the Ninth Circuit does not require "an elaborately reasoned, calculated, or worded order; a brief explanation of how the court arrived at its figures will do." Cunningham v. County of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988). However, there must be "some indication or explanation of how the district court arrived at the amount of fees awarded." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1213 (9th Cir. 1986). "Absent some indication of how the district court's discretion was exercised, this court has no way of knowing whether that discretion was abused." Id.; see also Gates, 987 F.2d at 1398–1400.

Here, neither the district court's order nor the record reveals how the district court arrived at the particularly precise award of $301,125.17 to IXYS. Indeed, the district

2006-1585, -1594, -1619 4

court's only specific rejection of a requested amount—the $48,000 in fees that IXYS spent opposing IR's petition for certiorari—cannot stand because IR's petition for certiorari is part of the same "action to enforce this order" identified in the provision of the consent judgment that awards attorney fees to the prevailing party. Because that provision provides for such fees, the district court had no basis for requiring IXYS to cite additional authority in order to include fees connected with the petition for certiorari in its fee request. In addition, the district court's second stated reason for reducing IXYS's fees award—that IXYS's "only significant role was producing a central argument to reduce Samsung's contempt sanction," Fee Order II, slip op. at 5—apparently ignores that IXYS was sued for contempt along with Samsung.

We likewise find no explanation in the district court's order or in the record for how the district court calculated Samsung's award of $650,000 in fees and $45,000 in costs—figures identical to the amounts originally awarded in the Samsung Fee Order. Although the district court cited numerous examples of fees that it found unreasonable and excessive, those examples do not provide any guidance as to how the district court arrived at the amount it ultimately awarded. See Fee Order II, slip op. at 2–5.

Because the district court has again failed to provide a "concise but clear" explanation of how it arrived at the reduced fee awards for Samsung and IXYS, we are unable to assess whether the district court abused its discretion and must vacate the award of attorney fees. See IR II, 424 F.3d at 1239.

IXYS requests that we remand this case to a different judge according to our supervisory power under 28 U.S.C. § 2106. In evaluating such a request, the Ninth Circuit considers:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1224 (9th Cir. 1990) (quoting Davis & Cox v. Summa Corp., 751 F.2d 1507, 1523 (9th Cir. 1985)). "A finding of either the first or second factor supports remanding to a different district court judge." Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353 (9th Cir. 2005).

We grant this relief because we believe it is necessary to preserve the appearance of justice. This case has been uniquely contentious from its beginning, and the parties' protracted briefing to the district court on the issue of attorney fees is hardly a model of clarity. "[T]he numerous allegations of bias and overreaching have combined with this poor lawyering to produce an entirely unfortunate end result: the fragile appearance of justice has taken a beating." In re Yagman, 796 F.2d 1165, 1188 (9th Cir. 1986). Because the question on remand is strictly limited to the determination of a reasonable attorney fee award for Samsung and IXYS, we believe that a quick resolution of this issue is best accomplished by remanding to a different district court judge. The narrow scope of the issue on remand suggests that any duplication of effort and waste will be minimal.

We therefore vacate the fee award order and remand to the Chief Judge of the United States District Court for the Central District of California to determine the reassignment of this case. In doing so, we note that our instruction relates only to the

issue presented in this appeal and has no impact on other matters or cases between these parties that may be currently pending before that court or on appeal.

## COSTS

Costs are assessed against IR.